OLEPAU, AULIKE (w.) and Z. PAAKIKI (her husband) vs. RAHAPA, (w.) and KAHIONA (her husband), LONOHIWA, J. K. KAUNAMANO and the HONOKAA SUGAR COMPANY.

IN EQUITY. ON APPEAL FROM MR. JUSTICE BICKERTON.

OCTOBER TERM, 1887.

JUDD, C.J., McCULLY, PRESTON and BICKERTON, JJ. FORNANDER, J., absent.

A Royal Patent (grant) for 225 acres of land for $225, was issued by the Government to O., K. and P.

On a bill for partition it was shown by plaintiff, O. that he paid $175 of the purchase-money, and that K. paid $20, and P. $30. Plaintiff · claimed partition of the land in proportion to amounts advanced by each. Held, that O., K. and P. were tenants in common and each entitled to one third of the land.

That the mere fact that each of three purchasers of land contributed unequally to the purchase-money does not of itself and without other proof create a resulting trust in those holding the legal title, in favor of another paying the larger part of the purchase-money.

The lapse of twenty-nine years and the death of two of the parties to the transaction, are reasons for not enforcing a resulting trust.

OPINION OF THE COURT, BY JUDD, C.J.

This is a bill in equity alleging that in the year 1858, one Olepau together with Kaiaokioki and Papaike bought of the

Government a tract of land in Papaanui, Hamakua, Hawaii, containing 225 acres for $225, and there was issued to them therefor a Royal Patent numbered 2465; that of the purchase money Olepau paid $175, Kaiaokioki $20, and Papaike $30, and that this money was paid to Rev. L. Lyons deceased, the Government Land Agent for the land; that at first this land was surveyed off for Olepau alone, but as it contained more acres than was proper to grant to one person, Mr. Lyons ordered that some other names be inserted (in the patent), and for this reason the names of Kaiaokioki and Papaike were inserted, but they then paid the above mentioned sums, and at that time Olepau, Kaiaokioki and Papaike believed that they were owners of the land in proportion to the amounts of money paid by each one respectively, to wit, Olepau 175 acres, Kaiaokioki 20 acres and Papaike 30 acres; that Aulike (plaintiff) has bought the interest of Papaike in this land and claims 30 acres; that the plaintiffs are informed and believe that Kaiaokioki is dead, and that Rahapa, Lonohiwa and J. K. Kaunamano (defendants), claim to hold his interest in this land; but what their respective shares are these plaintiffs are ignorant, but they (defendants) allege that they are entitled to an undivided one-third part of this land to wit: 75 acres, but that they are in fact only entitled to twenty acres: that the plaintiffs are informed and believe that Rahapa and Lonohiwa have leased to the Honokaa Sugar Co. seventy acres, undivided, of this land, on terms unknown to the plaintiffs; that the defendants well knew the above stated facts or had good reasons to put themselves upon enquiry of them: that plaintiffs are desirous of partitioning the land among those entitled to it according to their true interests in the same as above set forth and have asked the defendants to so divide it, but they have declined this reasonable request, and the plaintiffs have no other remedy but as now asked of this Court.

The bill prays for an answer from the defendants, for a decree of partition of the land in accordance with the respective interests of the parties, that the lease of Rahapa and Lonohiwa

to the Honokaa Sugar Co. be declared void as to any excess of land over the proper share of the lessors, and for general relief.

The answer of Rahapa and husband, and Lonohiwa and the Honokaa Sugar Co., denies the payment of the purchase money in the proportions as alleged, and avers that Olepau, Kaiaokioki and Papaike contributed equally to the payment of the purchase money and that said patentees were tenants in common and each entitled to one undivided third part of the land, and that they with J. K. Kaunamano are entitled to one undivided third of the land, succeeding to the rights of the said Kaiaokioki.

The Court heard the testimony offered by the plaintiffs and after argument held that a resulting trust was not established, and ordered a partition of the land in the proportion of one-third to each of the three parties holding the title of the original patentees.

The plaintiffs appealed and now claim that the evidence shows that Olepau paid $175, Kaiaokioki $20, and Papaike $30, of the purchase money and therefore the trust in such legal estate will result to the parties who have advanced the purchase money in proportion to the amount of their respective advances.

### BY THE COURT.

The general rule of law is well settled that where upon a purchase of property, the conveyance of the legal title is taken in the name of one person, while the consideration is given or paid by another, the parties being strangers to each other, a resulting trust immediately arises from the transaction, and the person named in the conveyance will be a trustee for the party from whom the consideration proceeds. 1 Perry, Trusts, §126.

A resulting trust is called a matter of equitable presumption, the rule having its foundation in the natural presumption, in the absence of all rebutting circumstances, that he who supplies the purchase money intends the purchase to be for his own benefit and not for another, and that the conveyance in the name of another is a matter of convenience and arrangement between the parties for collateral purposes. *Id.,* §126.

12

Whatever facts appear tending to prove that it was intended that the nominal purchaser should take the beneficial interest as well as the legal title, negative the presemption. Id. §139.

It is also settled that where part of the purchase money is paid by one, and the whole title is taken by the other, a resulting trust *pro tanto* may, in like manner, under some circumstances, be created. *McGowan vs. McGowan*, 14 Gray, 121; *Case vs. Codding*, 38 Cal., 191.

But in such cases it must be shown that the part of the purchase money paid by him in whose favor the resulting trust is sought to be enforced, was paid for some specific part or distinct interest in the estate. *Id.;* also *Baker vs. Vining*, 30 Me., 121.

To apply these principles to the case at bar.

The plaintiff's testimony is to the effect that Olepau paid $175, Kaiaokioki $20, and Papaike $30. All these names appear in the patent as grantees of the Government. They hold the legal title and are presumably tenants in common, each entitled to an undivided third.

This is not the case, like those cited, of the name of the person advancing the purchase money not appearing in the conveyance. The legal title is in these three parties.

It seems to us that we might hold, upon the evidence that the Government land agent refused to let Olepau take a patent for so large a piece of land as 225 acres to himself alone and that thereupon he procured Kaiaokioki and Papaike to join with him in the patent, that this rebutted the presumption that might arise that a trust resulted in favor of Olepau to the extent of his advance. It is certainly clear that it was the intention that all the patentees should have some beneficial interest as well as the legal interest in the land.

We can find no case in the books exactly parallel, probably because it has not been the policy of other governments to grant a patent of public lands to more than one person.

But we are of opinion that no resulting trust, as contended for, was created in this case, on the unassailable ground that the

testimony does not show that when these parties contributed towards the purchase money they agreed that each should take an aliquot part of the land in proportion to the sums advanced by each.   In other words, the mere fact that each of three purchasers contributed unequally to the purchase money, does not of itself and without other proof create a resulting trust in those holding the legal title, in favor of another paying the larger part of the'purchase money, in proportion to the amount paid by him.

We are also impressed with the want of equity in this case, considering that it was twenty-nine years ago that this purchase was made.   Kaiaokioki and Papaike are both dead and are not here to disprove Olepau.   "Courts will not enforce a resulting trust after a great lapse of time, or laches on the part of the supposed *cestui que trust.*"   1 Perry, §141.   Courts ought to discourage such claims after so long an interval of time.

We are of opinion that the decree appealed from, which orders a partition of the estate in the proportion of thirds, should be sustained.

And it is so ordered.

*W. C. Achi,* for plaintiffs.

*Smith* and *Kinney,* for defendants.