A. B. CASE, RESPONDENT, *v.* G. R. CODDING, APPELLANT.

RESULTING TRUST.—If one party pays the purchase money of land to which another party takes the title, a resulting trust arises in his favor who paid the consideration.

IDEM.—If one pays only a part of the consideration, a trust is thereby created in his favor, *pro tanto*.

IDEM.—The party claiming the benefit of the trust must show that the money was paid before or at the time of the execution of the conveyance.

APPEAL from the District Court of the Seventh District, Sonoma County.

Suit was brought to compel the defendant to execute a conveyance to plaintiff of the undivided one half of a lot or parcel of land lying in the City of Petaluma, to which plaintiff claimed to be entitled by virtue of his having paid one half of the purchase money for the same, together with the defendant, to whom alone the deed from the vendor was made, conveying to the defendant the title to the whole.

The case was tried without a jury, and findings and judgment were rendered in favor of plaintiff.

The defendant made a motion for a new trial, founded upon the usual statement, and also upon an affidavit setting forth surprise and newly discovered evidence.

The motion for a new trial being overruled by the District Court, the defendant appealed.

The other facts in the case are stated in the opinion of the Court.

*A. W. Thompson,* for Appellant.

*First*—To establish a trust, the *onus probandi* lies on the party who alleges it. (*Prevost* v. *Gratz,* 6 Wheaton, 481.)

*Second*—A resulting trust, by reason of the payment of the purchase money, must arise, if at all, at the time the conveyance is made. It cannot arise afterward. (*Bottsford* v. *Burr,* 2 Johns. Ch. 405; *Steere* v. *Steere,* 5 Johns. Ch. 19; Tiffany & Bullard on Trusts, p. 31; *Rogers* v. *Murray,* 3 Paige, 390; *Freeman* v. *Kelly,* 1 Hoff. C. R. 90.)

*Third*—When the purchase money is not paid at the execution of the deed, but the vendor gives credit to the vendee, and a third party furnishes the money when it becomes due, no trust arises. (*Buck* v. *Swazy,* 35 Maine, 41; *Buck* v. *Pike,* 35 Maine, 9; *Pinnock* v. *Claugh,* 16 Vermont Rep. 500.)

*F. D. Colton,* for Respondent, after showing the insufficiency of the affidavit for a new trial on the grounds of surprise and newly discovered evidence, quoted the following authorities on the subject of resulting trusts :

*Hidden* v. *Jordan*, (21 Cal. 99); *Bayles* v. *Baxter*, (22 Cal. 578, *et seq.*); *Millard* v. *Hathaway*, (27 Cal. 138, *et seq.*); *Settembre* v. *Putnam*, (30 Cal. 493, *et seq.*); *Curry* v. *Allen*, (October Term, 1867); *Sandfross* v. *Jones*, (July Term, 1868); *Dikeman* v. *Norrie*, (October Term, 1868.)

RHODES, J., delivered the opinion of the Court:

The rule is well settled that, when land is purchased, for which one party pays the consideration and another party takes the title, a resulting trust immediately arises in favor of the party paying the consideration, and the other party becomes his trustee; and it is now equally well settled that, if the one party pays only a part of the consideration, the party taking the title to the whole land becomes a trustee for the other party, *pro tanto*. The party setting up the trust, must show that the money was paid by him, at or before the execution of the conveyance. (*Bottsford* v. *Burr*, 2 John. Ch. 405; *Hidden* v. *Jordan*, 21 Cal. 92; *Millard* v. *Hathaway*, 27 Cal. 119; *Currey* v. *Allen*, 34 Cal. 254; 2 Story Eq. Sec. 1201; Will. Eq. 600.)

It was found in this case that the owner of the lands in controversy sold the same to the plaintiff and defendant; that each of them paid the vendor one half of the purchase money, and that, thereupon, the vendor executed a conveyance of the lands to the defendant. These facts bring the case within the rules above stated; and the defendant was properly adjudged to be the trustee of the plaintiff as to the undivided one half of the lands, unless he can successfully attack the findings.

The evidence leaves no room for doubt that each party paid one half of the purchase money, and that the defendant took the title to the whole lands. The evidence is conflicting as to whether the purchase was effected for both the plaintiff and defendant, and, therefore, the finding upon that point cannot be disturbed. It might be very difficult to sustain the finding, upon the evidence, as to the time when the plaintiff paid his half of the purchase money—at least, any

portion of it, except the sum of $500—but, as the defendant has not specified as one of the grounds of his motion for a new trial, that the evidence was insufficient to justify the finding as to the *time* when the money was paid, the fact that it was paid at the time stated in the finding cannot be drawn in question on appeal.

The defendant's affidavit does not make a sufficient showing to entitle him to a new trial.

The fact that the plaintiff, in his testimony, gave a statement about the purchase and the purchase money, differing from that of the defendant; or that the Court gave the greater credit to the statement of the plaintiff; or that the defendant, relying upon his own knowledge or recollection of the transaction, neglected to corroborate his own testimony; or that a certain witness testified differently from what the defendant expected, but without having intimated to the defendant what his evidence would be; does not, nor do all these facts combined, amount to legal surprise. The defendant knew that the plaintiff could not sustain the issue on his part, without the production of evidence of the character alluded to; and it was his fault or misfortune that he neglected or was unable to adduce sufficient rebutting evidence to overcome that of the plaintiff.

In respect to the newly discovered evidence, the affidavit is insufficient for this, among other reasons: The defendant has not shown sufficient excuse for his failure to obtain the affidavits of the witnesses mentioned; nor does he set out the memoranda by which he expects to convince one of his witnesses that he was mistaken in his testimony. (*Arnold* v. *Skaggs*, 35 Cal. 684; *Jenny Lind Co.* v. *Bower*, 11 Cal. 195; *Taylor* v. *Cal. Stage Co.* 6 Cal. 228; *Rogers* v. *Huie*, 1 Cal. 429.)

Judgment and order affirmed.