[No. 12332.  In Bank. — February 20, 1888.]

I. W. HELLMAN ET AL., EXECUTORS, ETC., OF ANDRE BRISWALTER, DECEASED, RESPONDENTS, v. LOUIS MESSMER, APPELLANT.

TRUST — PURCHASE OF LAND — PRICE PAID BY ANOTHER. — When real estate is purchased, and one party pays the purchase price and another takes the title, the money paid for the purchase price being advanced by the latter to the former as a loan, a resulting trust arises in favor of the former, and the latter holds the title as his trustee.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order refusing a new trial.

The facts are stated in the opinion.

*Bicknell & White,* and *A. Brunson,* for Appellant.

No trust arose in favor of the plaintiff's testator, for the reason that he did not pay the purchase price before or at the time of the conveyance. (*Case* v. *Codding,* 38 Cal. 191; *Roberts* v. *Ware,* 40 Cal. 634; *Irwin* v. *Ivers,* 7 Ind. 308; 63 Am. Dec. 420; *Pinnock* v. *Clough,* 16 Vt. 500; 42 Am. Dec. 521; *Botsford* v. *Burr,* 2 Johns. Ch. 408.)

*Glassell, Smith & Patton,* for Respondent.

The money paid to Pico was paid on account of Briswalter, and was, in fact, a loan to him. It was therefore his money, and the case therefore comes directly within the principle that "when a transfer of real property is made by one person, and the consideration thereof is paid by or for another, a trust is presumed to result in favor of the person by or for whom such payment is made." (Civ. Code, sec. 853; Perry on Trusts, sec. 133; *Page* v. *Page,* 8 N. H. 197; *Boyd* v. *McLean,* 1 Johns. Ch. 582; *Hidden* v. *Jordan,* 21 Cal. 98; *Cameron* v. *Ward,* 8 Ga. 245; *Millard* v. *Hathaway,* 27 Cal. 140; *Sandfoss* v. *Jones,* 35 Cal. 487.)

BELCHER, C. C.—The plaintiffs, as executors of the last will of Andre Briswalter, commenced this action to compel the defendant to convey to them certain real property in the city of Los Angeles.

The complaint alleges that Briswalter in his lifetime purchased the property in controversy from Pio Pico for the sum of one thousand dollars; that the defendant was employed by him as his agent to negotiate the purchase, and as such agent did negotiate the purchase for and on account of his principal; that the property was conveyed by Pico to defendant, who agreed to take and hold the same in his own name for the use and benefit of Briswalter, and that the purchase-money was paid by Briswalter.

The answer denies that Briswalter purchased the property, and alleges that "said Briswalter desired to purchase the property mentioned in the complaint, but the personal relations between Pio Pico and said Briswalter were such that said Briswalter did not believe he could accomplish such purpose without the intervention of some third party. This defendant, knowing that said Briswalter desired to purchase said property, and being himself friendly with said Pico, said Pico came to defendant and stated to him that he would not sell said property to said Briswalter, but would sell it to this defendant. This defendant thereupon bought said property in his own name, and paid for it with his own money, but afterwards said consideration was paid to him from and out of the funds of said Briswalter, it being then and there the intention of said Briswalter and of this defendant that this defendant should, if said Briswalter desired, convey to him, said Briswalter, said property so purchased from said Pico." The answer then further alleges that before his death Briswalter made a gift of the property to the defendant, "whereupon this defendant accepted such gift, and has since retained the title of the same, and is now the owner thereof, free from any charge or trust in favor of said Briswalter or his estate, or said plaintiffs, or either thereof."

The court below found that all the allegations of the complaint were true; that the defendant "was employed by Briswalter, and undertook for him to negotiate with and purchase from the said Pico for him, the said Briswalter, the said property"; and that the defendant, "as the agent and friend of said Briswalter, and not otherwise, bought said property and paid the said Pico for it out of his, the defendant's, own money; but the money so paid was at all times considered and intended by him as a loan of said money to the said Briswalter, and thereafter, to wit, on April 13, 1885, the full consideration and

all of said moneys were repaid to him out of the funds
of said Briswalter."

The court further found that "it was never the in-
tention of said Briswalter to give said property to the
defendant, nor did he ever relinquish to the defendant
any right or title to any part thereof; nor did the de-
fendant ever accept any gift thereof."

Judgment was rendered in favor of the plaintiffs, from
which, and from an order denying his motion for a new
trial, the defendant has appealed.

"Appellant's theory," as stated in the brief filed in his
behalf, "is and has been that there is no trust relation
existing between him and Briswalter's representatives,
and that, while there *may* be a cause of action against
him for the one thousand dollars delivered to him by
Briswalter, he cannot be compelled to deed to the execu-
tors the land which he bought from Pico." And it is
said: "If there is any trust shown by the evidence, it
must arise from the mere fact that Messmer made a bar-
gain with Pico, after a previous verbal understanding,
to which Pico was not a party, that the property con-
veyed should be held in trust for the deceased. It is not
pretended that any money was paid by Briswalter to Pico
for the land, or that Pico knew anything about Briswal-
ter's connection with the purchase. It is conceded that
the consideration paid was Messmer's money, and while
it is true that the latter had promised that he would ne-
gotiate the trade and deliver its fruits to Briswalter, yet
this was merely a promise to convey lands, and was void
under subdivision 5, section 1624, Civil Code."

Whether this theory can be maintained or not is the
question for decision.

The rule is well settled that when real property is pur-
chased, and one party pays the purchase-money and an-
other takes the title, a resulting trust arises in favor of
the former, and the latter holds the title as his trustee.
But the trust must result, if at all, at the time the deed

is taken. No oral agreements and no payments made after the title is taken will create a resulting trust. The party claiming the benefit of the trust must show that the money was paid before or at the time of the execution of the conveyance. (*Case* v. *Codding*, 38 Cal. 191; *Botsford* v. *Burr*, 2 Johns. Ch. 404; *Pinnock* v. *Clough*, 16 Vt. 500.)

It is not, however, necessary that the money should have been actually paid by the party setting up the trust. It may have been paid by the party who took the title, but advanced as a loan to the other party, and if so, a trust results. (*Hidden* v. *Jordan*, 21 Cal. 92; *Millard* v. *Hathaway*, 27 Cal 140–142; *Sandfoss* v. *Jones*, 35 Cal. 481; *Boyd* v. *McLean*, 1 Johns. Ch. 582; *Page* v. *Page*, 8 N. H. 187.)

Perry in his work on trusts, section 133, states the rule as follows: "If one should advance the purchase-money and take the title to himself, but should do this wholly upon the account and credit of the other, he would hold the estate upon a resulting trust for the other." And our Civil Code, section 853 declares the same rule in the following words:—

"When a transfer of real property is made to one person, and the consideration thereof is paid by or for another, a trust is presumed to result in favor of the person by or for whom such payment is made."

Was, then, the purchase-money for the land in controversy advanced by Messmer "wholly upon the account and credit of" Briswalter?

The court below found that it was, and we think the finding sustained by the evidence.

It is clear from the evidence that Messmer was the friend and agent of Briswalter, and had been so for a considerable time. He collected Briswalter's rents and paid his bills. He made the purchase for and at the request of Briswalter. He drew his own check for the purchase-money, but collected the money back from Briswalter.

To collect the money he had his son draw a check in Briswalter's name, and as soon as he received the money on the check, he reported the fact to Briswalter, who said "All right." Shortly after he received the deed he offered to redeem to Briswalter, but the latter asked him to hold the papers for a while. After Briswalter's death he admitted, before several of the witnesses, that he bought and held the property for Briswalter. In his testimony, speaking of his son's drawing the check for the repayment to him of the money, he said: "My son drew checks in Andres's name when he wanted money. My son drew checks for Andres to pay taxes for him. He never drew a check in Andres's name for my benefit before. He drew this because Andres owed it to me."

But how did Briswalter owe him the money, if it had not been advanced by him as a loan?

These facts seem to us to bring the case within the rule above stated.

No point is now made in regard to the alleged gift.

The complaint was sufficient, the demurrer was properly overruled, and the judgment and order should be affirmed.

FOOTE, C., and HAYNE, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment and order are affirmed.