[Civ. No. 2014.     Second Appellate District.—November 27, 1916.]

## WILLIAM BAUMAN, Appellant, v. ALBERT WUEST et al., Respondents.

ACTION TO ENFORCE TRANSFER OF LEASE—PAROL AGENCY—REPUDIATION OF TRUST—WANT OF CONSIDERATION—ACTION NOT MAINTAINABLE. Where a party employs another person by parol to secure a lease of certain real property for him, with the understanding that if the lease cannot be procured to be made directly to him, the agent shall, if possible, secure it in his own name and then transfer it to his principal, and the agent secures the lease to be made to himself and denies the trust, the principal cannot compel the agent to transfer the lease to him, where he has parted with no consideration.

ID.—PAROL AGENCY — TRUST — WHEN NOT ENFORCEABLE. — An agency attempted to be created by parol, in violation of the provisions of the statute of frauds, is not sufficient to impose a trust in a case where the principal who seeks its enforcement has parted with no consideration.

APPEAL from a judgment of the Superior Court of San Diego County. W. R. Guy, Judge.

The facts are stated in the opinion of the court.

L. E. Dadmun, for Appellant.

Morganstern, McGee, Henning & Hendee, for Respondents.

JAMES, J.—Plaintiff's suit was to enforce transfer to him of a certain lease of real property covering a term of years, in which lease defendant Wuest was named as the lessee. It was alleged that a transfer had been made without consideration by Wuest to defendant Morganstern. An answer was filed and the case came on for trial, judgment being entered in favor of the defendants, from which plaintiff appealed.

Plaintiff alleged in his complaint that he employed Wuest to secure a lease of certain real property for him, with the understanding that if the lease could not be procured to be made directly to plaintiff, Wuest should, if possible, secure it in his own name and then transfer it to plaintiff. For this service it is alleged plaintiff agreed to pay Wuest the sum of one thousand dollars. It was alleged that Wuest secured the lease to be made to himself, and denied any interest of this plaintiff and assigned the lease to Morganstern. Plaintiff alleged that he had tendered payment of the one thousand dollars agreed upon as compensation for Wuest's services, and had demanded that the defendants make assignment of the lease to him. In the answer of the defendants, the making of any agreement constituting Wuest as the agent of plaintiff for the purposes alleged in the complaint was denied, and it was further alleged by way of defense that any agreement made in that behalf was void as not being expressed in writing. At the outset of the trial, plaintiff proceeded to offer proof of the making of the agreement with Wuest by way of parol, and was met with the objection that such testimony was incompetent because of the provisions of the statute of frauds. Thereupon plaintiff made a complete offer to show the agreement, stating, however, that it rested altogether in parol, and that there was no writing evidencing the same. The whole case was submitted upon that offer, defendants objecting, as noted, and the objection being sustained by the court. The judgment appealed from was thereupon entered. The appellant contends that an agency of the kind alleged in the complaint may be established by parol, but does

not contend that by the oral authorization made, Wuest, as agent, would be empowered to execute on the plaintiff's behalf a binding contract of lease, as the term was for a period exceeding one year. (Civ. Code, sec. 1624, subd. 5.) He seeks, however, to have his case brought within a classification of resulting trusts which equity by construction will enforce, and not permit the trustee to interpose the statute of frauds as a defense. He refers to the cases of *Brown* v. *Spencer,* 163 Cal. 589, [126 Pac. 493], and *Bradley Co.* v. *Bradley,* 165 Cal. 237, [131 Pac. 750] , and we may add to the citation, *Hidden* v. *Jordan,* 21 Cal. 92. Those cases all come within the express provisions of section 853 of the Civil Code, which declare that where a transfer of real property is made to one person, and the consideration therefor is paid by another, a trust is presumed to result in favor of the person for whom the payment is made. In each of the cases cited the consideration was advanced by the person who sought to charge the agent as trustee. The section of the code just referred to contains only a repetition of the well-established equitable rule that when a person assuming to act for and on behalf of another, by actual fraud or that presumed from confidential relations, appropriates or gets into possession of the property which he should have delivered to his principal, and the principal is damaged thereby, he is chargeable as trustee and may be required to account. It seems never to have been held, however, that an agency attempted to be created by parol in violation of the provisions of the statute of frauds will be held sufficient to impose a trust in a case like this, where the principal who seeks its enforcement has parted with no consideration. Mr. Story, in his work on Equity Jurisprudence, volume 2, page 537, declares the rule as follows: "For where a man employs another person by parol as an agent to buy an estate for him, and the latter buys it accordingly in his own name, and no part of the purchase money is paid by the principal, there, if the agent denies the trust and there is no written agreement or document establishing it, he cannot by a suit in equity compel the agent to convey the estate to him; for (as has been truly said) that would be decidedly in the teeth of the statute of frauds." Sustaining this statement of the text is *Collins* v. *Sullivan,* 135 Mass. 462, where the court, quoting with approval from *Kendall* v. *Mann,* 11 Allen (Mass.), 15, says: "Where a man merely employs another

person by parol, as an agent to buy an estate, who buys it for himself and denies the trust, and no part of the purchase money is paid by the principal, and there is no written agreement, he cannot compel the agent to convey the estate to him.'' The English case of *Heard* v. *Pilley*, L. R. 4 Ch. App. Cas. 548, at first glance might seem to support a contrary rule, but when analyzed we think is in accord with the authorities just referred to. Considering the facts here: Wuest had no sufficient authority by which he could make any binding contract on behalf of his alleged principal, the plaintiff, and any attempt that he might make in that direction could not be enforced by the lessor. Neither could the agent compel his alleged principal to accept the fruits of his labor, with the result that there would be no mutuality as to the binding effect of the contract either between the plaintiff and the lessor of Wuest, or between Wuest and the plaintiff. We have not been favored with either brief or oral argument on behalf of the respondents in this case. However, lacking. that aid, we have made a careful examination of the case and of the authorities, and feel satisfied that the judgment of the court was the proper one to be entered.

The judgment is affirmed.

Conrey, P. J., and Shaw, J., concurred.