[Civ. No. 4065.   Second Appellate District, Division One.—March 15, 1923.]

## E. L. LINCOLN et al., Respondents, v. FRANK I. CHAMBERLAIN, Appellant.

[1] RESULTING TRUSTS—PURCHASE OF LAND—PAYMENT OF CONSIDERA-
TION—TIME.—Where a conveyance of land is made to one person
and the consideration for the transfer of title is paid by another
person, a resulting trust is created in favor of that person who
paid the consideration; but it must be shown that the party
setting up the trust paid the money either at or before the execu-
tion of the conveyance and as a part of the original transaction
of purchase. After the conveyance is actually made, parol agree-
ment that the purchase shall stand for the benefit of another
will not be effectual for the purpose of creating a resulting trust.

[2] ID. — CONSIDERATION FOR ORIGINAL CONVEYANCE — INTENT — EVI-
DENCE.—In this action to establish a resulting trust in real prop-
erty, the judgment in favor of the plaintiffs was not supported
by the evidence, although the evidence clearly showed that it
was the intention of defendant to merely permit the use of his
name in the transaction for the benefit of plaintiffs and that he
had no expectation at the time the purchase was made of ever
claiming any interest in the property because of the fact that
he was to furnish none of the consideration, as it was defendant's
credit that was pledged, it was to him that the deed to the prop-
erty was executed, it was he who gave back the trust deed and the
promissory note and who made the various promises and assumed
the several obligations therein contained, and the plaintiffs having
furnished no part of the consideration looking to that particular
part of the transaction.

[3] CONSTRUCTIVE TRUSTS—EXPENDITURE OF MONEYS—KNOWLEDGE.—
Notwithstanding the defendant in said action stood by and saw
plaintiffs expending their own moneys for improvements and for
the monthly payments on account of their supposed contract
of purchase, the plaintiffs would not have been entitled to re-
cover upon the theory of a constructive trust, even though they
had sought to establish such a trust.

[4] STATUTE OF FRAUDS — VERBAL CONTRACT FOR SALE OF LAND —
EQUITY.—To enable a court of equity to exclude a verbal contract
for the sale of an interest in land from the operation of the
statute of frauds, there must be a collateral circumstance con-
stituting an independent equity, imposing an obligation in con-
science.

APPEAL from a judgment of the Superior Court of Los Angeles County. Albert Lee Stephens, Judge. Reversed.

The facts are stated in the opinion of the court.

William Ellis Lady for Appellant.

Cooper, Collings & Shreve for Respondents.

HOUSER, J.—The principal facts in this case are as follows: The plaintiffs, E. L. Lincoln and his wife, Anna M. Lincoln, were on very friendly and confidential terms with defendant Chamberlain. All of them were living in the city of Los Angeles, and defendant Chamberlain desired to take a position in Cuba. He had a daughter whom he wished to leave with plaintiffs. At that time plaintiffs were living in a three-room apartment and had no accommodations for the daughter of defendant and none of the parties was possessed of any means wherewith to purchase a house. The defendant, however, stated to the plaintiffs that he had a friend by the name of Duncanson who would buy a place for him, but that he feared Duncanson would not do so for plaintiffs. The matter was finally arranged by Duncanson advancing the money for the purchase of the property; the title to the purchased property was taken in the name of defendant, and defendant gave back to Duncanson a promissory note and a trust deed for the property, which provided, among other things, for payments thereon to be made to Duncanson at the rate of $35 per month. Before the purchase was consummated the plan as heretofore outlined was agreed to as between plaintiffs and defendant, and it was further agreed between them, only, that plaintiffs would pay the $35 per month to Duncanson and that defendant would leave a power of attorney with his daughter so that she could transfer the title to the property to the plaintiffs whenever they wished to have that done. On the same day that the trust deed was executed defendant executed the power of attorney as agreed upon and delivered the same to his daughter. The sum of $35 per month was thereafter paid each month by plaintiffs to Duncanson through a bank, but Duncanson had no knowledge of the arrangement as between plaintiffs and defend-

ant. Defendant went to Cuba, where he remained one month, and then returned to Los Angeles, living thereafter for several months with plaintiffs. Plaintiffs paid the taxes, insurance, for the certificate of title, the water bill, installing new electric fixtures, repairing foundation of house, redecorating the interior, remodeling the house, installing new drainboard, the building of a garage and rear porch, new steps, a shingle roof, hot-water heater, plumbing, awnings, screen doors, hardware furnishings, lumber and wire for gates and fence, a total of $1,368.71, which, together with the amounts paid by them on account of the purchase price of the property up to the time of the trial, made a total of $2,018.71—a considerable portion of which was paid after defendant repudiated the agreement. Defendant never objected to any improvements being made on the property.

The plaintiffs had judgment, and defendant appeals.

The theory of plaintiffs' case is that a resulting trust was established by the acts of the parties. [1] It is a general rule that where a conveyance of land is made to one person and the consideration for the transfer of title is paid by another person, a resulting trust is created in favor of that person who has paid the consideration (*Brown* v. *Spencer*, 163 Cal. 589 [126 Pac. 493]); but it must be shown that the party setting up the trust paid the money either at or before the execution of the conveyance and as a part of the original transaction of purchase. (Pomeroy's Equity Jurisprudence, sec. 1037; *Case* v. *Codding*, 38 Cal. 191; *Roberts* v. *Ware*, 40 Cal. 634; *Woodside* v. *Hewel*, 109 Cal. 481 [42 Pac. 152].) After the conveyance is actually made, parol agreement that the purchase shall stand for the benefit of another will not be effectual for the purpose of creating a resulting trust. (*Hunt* v. *Friedman*, 63 Cal. 510.) [2] In the instant case, although the evidence clearly shows that it was the intention of the defendant to merely permit the use of his name in the transaction for the benefit of the plaintiffs and that he had no expectation at the time the purchase was made of ever claiming any interest in the property because of the fact that he was to furnish none of the consideration, yet the record discloses that it was *his* credit that was pledged; it was to him that the deed to the property was executed, and it was he who gave back the trust deed and the promissory note and who made the vari-

ous promises and assumed the several obligations therein contained. Plaintiffs furnished no part of the consideration, looking to that particular part of the transaction. So far as either the grantor or Duncanson was then aware, plaintiffs had nothing whatever to do with the matter, and while in reality the plaintiffs were as much, if not more, concerned than was defendant, their legal connection is first indicated by the oral agreement entered into after the purchase of the property was made to pay the consideration for the property for which defendant had already obligated himself to Duncanson, who advanced the money for defendant, as evidenced by the promissory note and the trust deed which had already been executed. The legal consideration for the property in the form of the promissory note and the trust deed by defendant had passed to Duncanson before plaintiffs' oral contract with defendant to discharge same by monthly payments took effect. They merely had defendant's word that he would transfer title to them. Plaintiffs' contract with defendant in legal contemplation, if it could ever be said to be effective, began where defendant's contract with Duncanson left off. It is said in *Woodside* v. *Hewel,* 109 Cal. 481 [42 Pac. 152]: "It is esssential that one who would claim an interest in real property by reason of having paid the consideration for its purchase must show that such payment was made *at or prior to the time the purchase was made,* and for the purpose of making the purchase; . . . After a party has made a purchase with his own moneys or *credit,* a subsequent tender or even reimbursement may be evidence of some other contract, or the ground for some other relief; but it cannot, by any retrospective effect, produce the trust of which we are speaking. There never was an instance of such a trust so created, and there never ought to be, for it would destroy all the certainty and security of conveyances of real estate. The resulting trust, not within the statute of frauds, and which may be shown without writing, is when the purchase is made with the proper moneys of the *cestui que trust,* and the deed not taken in his name." In *Strong* v. *Messinger,* 148 Ill. 431 [36 N. E. 617], the following language occurs: "A resulting trust arises, if at all, *the instant the deed is taken and the legal title vests.* No payment made will create a resulting trust, *unless, at the moment the title passes, the*

*trust results from the transaction itself."* And in 39 Cyc.,
at page 106, we find the following: "Since a resulting trust
cannot rest on an express agreement, no parol agreement
between the parties, made before or after the conveyance
of property, can give rise to a resulting trust therein."

[3] By neither the pleadings nor the argument on the
part of plaintiffs can it be said that plaintiffs are seeking
to establish a constructive trust.

From the facts herein it is too plain to admit of
argument that as between man and man, viewed from a stand-
point of natural justice, plaintiffs ought to have judgment.
Defendant stood by and saw plaintiffs expending their own
money for improvements, to say nothing of the monthly
payments made by plaintiffs on account of their supposed
contract of purchase, and now seeks to reap the harvest to
which in good conscience he is in nowise entitled. In com-
mon with the increase in value of other real estate in the city
of Los Angeles, it is not unlikely that, in addition to the
various improvements placed upon the property by plain-
tiffs, there has been a substantial advance in the value of the
lot upon which the house stands. Defendant's moral obli-
gation is apparently of no consequence to him. The statute
of frauds does not permit the enforcement of the oral con-
tract by which defendant solemnly bound himself to plain-
tiffs regarding the sale of the lot here in question. The
decisions not only of the supreme and of the appellate courts of
this state, but by almost unanimous adjudication of the courts
of sister states, are to the effect that in circumstances similar
to those before us, no resulting trust is brought into being
by which the unrighteous acts of persons situated as was
this defendant with relation to plaintiffs may be corrected.
Unfortunately the decisions are likewise compelling as
against plaintiffs' natural rights in connection with the doc-
trine of constructive trusts. There are many general state-
ments enunciated by learned authors, as well as by eminent
jurists, which, without regard to the particular facts of the
case involved, would seem broad enough to cover the facts
of this case, but an examination of such expressions, taken
in conjunction with other definite and well-grounded princi-
ples, leaves this court no alternative other than a declaration
that the doctrine of constructive trust has no application,

even were the pleadings here such as to warrant the remedy thereby afforded. Plaintiffs must seek other relief.

There was no evidence to support the finding by the court to the effect that plaintiffs purchased the property in question. Defendant's motion for nonsuit, made at the close of plaintiffs' case, should have been granted.

The judgment is reversed.

CONREY, P. J., and JAMES, J., Concurring.—We concur in the judgment. For the reasons stated in the foregoing opinion, it seems clear that the plaintiffs are not entitled to recover on the basis of a resulting trust.

Also we think that the facts found by the court, which in that respect go no further than the allegations of the complaint, are not sufficient to establish a constructive trust. If it were pleaded and proved not only that the plaintiffs have expended substantial sums of money in the improvement, maintenance, and repair of the property, but also that those expenditures were made with the knowledge and acquiescence of the defendant and in reliance upon his promise to convey, the plaintiffs might have a better standing in court. The plaintiffs should have that opportunity, if they so desire. [4] It has been said that "as a general rule to enable a court of equity to exclude a verbal contract for the sale of an interest in land from the operation of said statute, there must be a collateral circumstance constituting an independent equity, imposing an obligation in conscience." (25 R. C. L., p. 700.) But the facts found by the court below in this case do not come up to that standard.

A petition for a rehearing of this cause was denied by the district court of appeal on April 10, 1923, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on May 14, 1923.