[Civ. No. 9739. Second Appellate District, Division Two.—April 15, 1935.]

KIRK WHITE & CO. (a Corporation), Appellant, v. BIEG-HOFFINE COMPANY (a Corporation) et al., Respondents.

Redwine & Redwine for Appellant.

Chas. L. Nichols and Harmel L. Pratt for Respondents.

WILLIS, J., *pro tem.*—This is an appeal by plaintiff from an adverse judgment in an action instituted by it to recover damages arising from an alleged wrongful release of an attachment and subsequent conversion by defendants of the personal property so released.

The facts shown in the evidence and as found by the trial court, in so far as they are pertinent herein, are as follows: On June 24, 1931, plaintiff commenced an action against one Clarence M. Wold to recover the sum of $7,000 with interest and attorneys' fees on a promissory note, and on the same date caused a writ of attachment to be issued and levied by the sheriff of Los Angeles County upon 35 described automobiles of the value of $15,000 then in the actual possession of Wold on the premises leased and occupied by him as a place of business of selling automobiles. On June 27, 1931, defendant Bieg-Hoffine Company, by its secretary, made and delivered a third party claim under the provisions of the Code of Civil Procedure to the sheriff, wherein said defendant asserted its claim of ownership of said attached property. No indemnity bond being presented by plaintiff nor any proceedings having been taken to determine title to said property, the sheriff, after the expiration of five days, released the whole of said property to defendant Bieg-Hoffine Company, which company took and retained the same to its own use and benefit. On July 16, 1931, judgment was entered in the action against Wold, the amount of which has since been reduced by partial satisfaction obtained through levies by execution process to the sum of $6,293,49, with interest at seven per cent from July 16, 1931. The court found upon probative evidence that Wold did not furnish or pay any of the purchase price of the automobiles attached, but that defendant Bieg-Hoffine Company furnished all the money used in the purchase thereof and that they were "floored in the premises of said Wold for sale by Wold"; that at the time of purchase an invoice for purchase of each of the automobiles was made out in the name of Wold and such automobiles were each

delivered to Wold by the maker and original seller and "after such delivery to Wold remained in his premises and that the ownership in, possession of and control over said automobiles by Wold was as aforesaid and not otherwise". Upon the admissions in the pleadings and upon its findings the court concluded that the third-party claim was in due form and properly filed; that all the title, ownership and possession of Wold was at all times, particularly at the time of said attachment, taken and held in trust by Wold for the defendant Bieg-Hoffine Company, which was at all of said times and thereafter the equitable owner of each and every of said automobiles so attached, and that said defendant did not convert any of said automobiles but was justified in its claim of ownership and in receiving and disposing of said automobiles as its own property.

■ Appellant contends that the evidence is insufficient to justify the decision. With this claim we cannot agree. The ultimate facts as found and constituting part of such decision, as defined in section 633 of the Code of Civil Procedure, are fully sustained by the evidence, and the conclusions of law, constituting the other part of such decision, are fully supported by such facts. The evidence and the ultimate facts found thereon show that defendant Bieg-Hoffine Company furnished to Wold all the money with which he purchased the automobiles from the manufacturer in each instance, and that such automobiles were placed in the possession of Wold on the floor of his premises for purpose of sale to the public. This justifies the conclusion that ownership thereof was in Bieg-Hoffine Company and that Wold's legal title, as evidenced by the invoices delivered to him at the time of his cash purchase from the manufacturer, was held by him in trust for Bieg-Hoffine Company.

■ Under familiar principles of equity jurisprudence a resulting trust arose in favor of Bieg-Hoffine Company upon its furnishing the consideration for the purchase of the automobiles in question, to the extent of that consideration; for the principles of equity to which resulting trusts in real estate are subject are equally applicable to personal property. (*Thompson* v. *Bank of California,* 4 Cal. App. 660, 667 [88 Pac. 987].) ■ And while it is an essential to the creation of a resulting trust that the consideration

or money for the purchase must be shown to have been given at or prior to the time the purchase was made, and for the purpose of making the purchase (*Woodside* v. *Hewel,* 109 Cal. 481 [42 Pac. 152]), still it appears from the evidence herein that this essential is clearly and substantially established. The transaction comprising the purchase by Wold of the automobiles and the securing of the money from defendant Bieg-Hoffine Company with which to pay the purchase price thereof was all so interlocked and continuous in its nature that it may be properly found that the money was furnished at the time of such purchase, and that such defendant thereby became the equitable owner of the automobiles so purchased, upon which it could legally base a claim of actual ownership under the provisions of section 689 of the Code of Civil Procedure. ■ These conclusions eliminate the claim of appellant that the transaction was condemned by the provisions of section 3440 of the Civil Code as a transfer in fraud of creditors.

■ We have examined into the errors assigned by appellant in respect to rulings of the trial court on admission of evidence and find that the· record does not sustain appellant's statement thereof in either instance. In the first instance the court overruled (not sustained, as stated in the brief of appellant) an objection to a question on cross-examination propounded to Wold as to who furnished the money at the time he purchased the automobiles. His answer was ''Bieg-Hoffine Company'' (not ''yes'', as stated in the brief). There was no error in this ruling. The question clearly was framed to elicit a matter of fact, not a conclusion of the witness as claimed by appellant. ■ The other instance relates to a question of the same witness on cross-examination to which no objection was interposed. The answer to such question rendered it entirely harmless, even had it been objectionable and objected to. An objection was interposed to the succeeding question: ''Bieg-Hoffine Company paid all the purchase price on each one of those automobiles?'' To this question the witness answered ''Yes''. Assuming that this is the objection referred to, we conclude there was no error in overruling it, being based on the ground that the question called for a conclusion of the witness, as it is patent, when considered in the context, that

it sought to elicit a matter of fact on cross-examination of the adversary's witness.

The judgment is affirmed.

Stephens, P. J., and Crail, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 13, 1935.