[Civ. No. 15182. Second Dist., Div. Two. Mar. 13, 1946.]

CLARA BRADLEY, Respondent, v. SAMUEL D. DUTY, Appellant.

William H. Brawner and Robert H. Davis for Appellant.

Gladys Towles Root and Eugene V. McPherson for Respondent.

MOORE, P. J.—Respondent sued appellant on three distinct theories in as many causes of action, claiming (1) her right to joint ownership in and title to a parcel of real estate; (2) $750 on account of services rendered at his request; (3)

$750 for money had and received by appellant to and for the use of respondent. The court found against her claims alleged in the second and third counts. Respondent evidently acquiesced in such findings, since no mention of them appears in the conclusions of law or in the judgment and no appeal was taken on that account. Remaining for review is the finding in response to the first count that in "April, 1944, plaintiff advanced to defendant Samuel D. Duty the sum of $750 to be expended by said defendant for the purchase of real estate for the benefit of plaintiff and defendant Samuel D. Duty, the title to said property to be in the name of Clara Bradley and Samuel D. Duty as joint tenants."

Appellant, a single man, resided in the home of respondent from 1928 to April, 1944. She testified that for two years prior to the latter date she had paid $30 a month for rent and food; that the bills ran over $100 a month; that the cost of her support of him was $50 a month; that during those two years they had talked about the purchase of a home and she told him she would pay the household expenses and he should save all of his earnings in order that they could have "a quick down payment"; that she paid the household expenses and he saved his own money. Finally, in April, 1944, without her knowledge he purchased an improved city lot and took conveyance to himself alone. She demanded that the title be placed in the two as joint tenants. He refused but continued to collect $100 monthly rentals. During the two-year period above mentioned she had a bank account in her name and he also had his own bank account. She further testified that they had been partners since 1928 and concluded to buy a home in 1938; that during 1942 and 1943 he paid her only small sums although during much of the time prior to 1942 he was incapacitated by virtue of a foot disease or heart trouble. However, in view of the finding against her claim of his indebtedness to her it must be deemed that his payments were full compensation for her services.

But if she was not fully paid by him for food and lodging prior to the filing of this action it cannot be concluded that he held her money, in the absence of proof that she advanced the $750 to him or of an agreement that he was indebted to her in that sum and that he should invest the same. Where mutual current accounts have run between two parties or one holds a book account against the other it cannot be said that the alleged debtor has in his possession money for

the alleged creditor in the absence of an agreement that a definite balance is payable. With the exception of small weekly payments made to her in 1942 and 1943 he deposited his earnings in the bank and purchased war bonds until he had saved a total of $950. With this sum and $50 he had borrowed he paid $1,000 on the purchase price of the property here in dispute. Whereas appellant denied that he owed respondent any sum of money at all, there is no evidence that at any time the parties agreed that he was indebted to her or that he held any amount of money belonging to her. The nearest approach to it was her proof that in the two years prior to April, 1944, he became indebted to her for services performed, to the contrary of which the court found.

Since the uncontradicted testimony of appellant was that he paid $1,000 on the purchase price, the finding that plaintiff advanced $750 of such sum requires explanation. This is found in the fact that after the motion for nonsuit had been at one time denied respondent gained leave to amend her amended complaint by interlineation, whereupon she made the pleading read "that on or about April, 1944, *and for an approximation of 16 years prior thereto* plaintiff advanced" to defendant the sum of $750 to be expended by him in the purchase of real estate for the benefit of plaintiff and defendant, the title to be in both of their names as joint tenants. However, the amount of money she alleges herself to have advanced becomes immaterial in view of her claim for only a half interest in the lot and improvements.

The judgment is based upon the finding of a resulting trust which is alleged to have arisen from appellant's having received $750 from respondent prior to his receipt of the conveyance of the lot. Notwithstanding such finding she now contends that a constructive trust arose by virtue of his promise and of the provisions of section 2224, Civil Code, which declares that "One who gains a thing by fraud . . . the violation of a trust, or other wrongful act, is . . . an involuntary trustee of the thing gained, for the benefit of the person who would otherwise have had it." It is readily seen that the quoted section cannot avail her for the reason that she pleads a resulting trust and the finding adopts her allegation.

Moreover, there is no proof of a fraud on the part of appellant. She says that he made a promise to buy a home for them and thereafter breached his agreement. But the mere violation of a contract is not a fraud. (*O'Melia* v. *Ad-*

*kins, ante*, p. 143 [166 P.2d 298]; *Bragg* v. *Bragg*, 219 Cal. 715 [28 P.2d 1046].) If appellant's conduct was fraudulent in not keeping a promise and respondent had desired to take advantage of such action, an appropriate remedy was available to which she might have readily resorted and whereby she might have alleged fraud by virtue of his lack of intention to perform his promise. But no such proof was admissible under count one of the complaint herein.

 A resulting trust is implied from the facts, and neither written evidence of an agreement nor a fraud on the part of the alleged trustee is essential to its existence. It arises where title of a property is vested in the trustee while the consideration therefor is paid by the beneficiary. (*Brown* v. *Spencer*, 163 Cal. 589, 593 [126 P. 493]; *O'Rourke* v. *Skellenger*, 169 Cal. 270, 272 [146 P. 633].) Therefore, in view of the allegation of a resulting trust neither respondent's testimony, alone nor when supported by other reliable evidence as to the existence of a partnership or of a fraud can avail her in her attempt to establish a constructive trust.

 If a resulting trust was created by appellant's investment it arose out of the payment by respondent to him of the $750 at the time of or prior to the purchase of the property. If it did not arise at the very instant the deed was taken by appellant it could not have been created by an agreement between the parties after the conveyance, nor could it have been effected by an agreement made before the transfer. (*Lincoln* v. *Chamberlain*, 61 Cal.App. 399, 402 [214 P. 1013].)

 Respondent attempts to sustain the judgment by her contention that a constructive trust arose out of appellant's oral agreement that he would save his money and with it purchase a home for them "jointly." Such attempt is frustrated first by the finding of a resulting trust and second by the statute of frauds, which declares that no trust in relation to real property is valid unless declared by a written instrument subscribed by the trustee or unless it is created by operation of law. (Civ. Code, § 852.) If all the terms of a trust in real estate must be evidenced by a writing subscribed by the trustee, then no terms can be ascribed to an alleged trust in relation to land by virtue of an oral agreement. Hence the contention that a constructive trust arose by virtue of a "partnership that had existed many years" and that the parties were engaged in a "joint enterprise to acquire enough money to buy a home for them jointly," is defeated by the cited

statute. Neither is the fact material that in the two years respondent expended $100 a month for their joint support, for there was no writing whereby appellant agreed in consideration for such support to buy the lot and hold it in trust for her.

The consideration urged by respondent as the ineradicable support of the trust adjudged is that she served appellant and that for such service he became indebted to her in the amount of $1,200 whereby she acquired a half interest in all of his savings. Her arguments in that behalf are doomed by the findings against both the second and third causes. It follows that if respondent acquired a beneficial interest in the lot such interest must have had its genesis in the oral contract or in the fact that she paid appellant $750 cash in hand with which to make the purchase. Inasmuch as the asserted oral agreement has no more force in proving a trust than if it had never been uttered, and since respondent never paid appellant $750 and he was not indebted to her in any sum prior to his receipt of the conveyance, no part of the $1,000 down payment belonged to respondent and no trust arose in her favor out of the purchase of the home.

Where there is no written contract and a party sues to impress a purchase price resulting trust upon real property, the action is founded on the presumption contained in section 853, Civil Code, which declares that under such circumstances ''a trust is presumed to result in favor of the person by or for whom such payment is made.'' (*Juranek* v. *Juranek,* 29 Cal.App.2d 276, 280 [84 P.2d 195].)

The judgment is reversed.

McComb, J., and Wilson, J., concurred.