[Civ. No. 17091.   Second Dist., Div. Three.   Dec. 23, 1949.]

WILLIAM H. ELLIOTT, Respondent, v. MATTIE CLARA WOOD, Appellant.

Walter L. Gordon for Appellant.

Joseph Shane for Respondent.

VALLÉE, J.—Appeal by defendant from a judgment decreeing that plaintiff and defendant each own an undivided half interest in a parcel of improved real property and in certain furniture and furnishings therein and in the rents, issues and profits therefrom, that they hold title as tenants in common, that the record title of the real property is in the defendant alone, that she holds title to the real and personal property as trustee for the equal benefit of plaintiff and herself, and decreeing an accounting and partition. Defendant appealed from the judgment and from an order denying her motion for a new trial.

The court found these facts. About the first part of June, 1946, plaintiff and defendant orally agreed to purchase the real property and that each would receive a half interest therein. On June 18, 1946, plaintiff and defendant purchased the property as tenants in common for $8,500, making a down payment of $1,250, escrow charges of $67.88, and a first payment of $90 on a trust deed given to secure the balance due. Each party paid and contributed half of these sums. Defendant caused title to be taken in her name and thereafter refused to cause the record title to be changed to show the half interest of plaintiff. As to the furniture and furnishings the court found that it was agreed between the parties (the date of the agreement is not stated) that plaintiff would do certain re-

modeling of the premises and that in consideration therefor defendant would furnish the premises with certain household furniture in her possession, and that plaintiff performed the remodeling work. The value of the work was not found. The court concluded that defendant held title to the real property as trustee for the 'equal and mutual benefit and enjoyment of plaintiff and defendant, and that the furniture and furnishings (without describing them) acquired by defendant after June 26, 1946, is the property of both plaintiff and defendant, each having an equal interest therein, and that possession thereof is in defendant as trustee for the equal and mutual benefit and enjoyment of plaintiff and defendant.

Appellant claims that the evidence is insufficient to support the findings that plaintiff and defendant purchased the real property as tenants in common and that plaintiff paid and contributed half of the sums mentioned, and says that the conclusion that defendant holds title as trustee for the equal benefit and enjoyment of plaintiff and defendant is without support in the record. The point is good.

The evidence supports the finding that the parties orally agreed to purchase the property and that each would receive a half interest therein. Appellant does not contend otherwise. The agreement was made just prior to or on April 26, 1946. The evidence bearing on the question whether a trust was created, stated in the light most favorable to respondent, is as follows: On April 26, appellant Wood with her own funds made a deposit of $500 on the purchase price and opened an escrow. The escrow instructions called for a down payment of $2,500. Respondent Elliott did not pay any money and before close of escrow Mrs. Wood persuaded the seller to reduce the down payment to $1,250. On May 22, 1946, Mrs. Wood, using her own funds, paid $750, the balance of the down payment to the escrow holder. Before the close of escrow she paid the escrow charges of $67.88 with her own funds. On June 18, 1946, a grant deed of the property from the sellers to Mrs. Wood alone was recorded and thereafter mailed to her. Mrs. Wood with her own furniture and furnishings moved into the property on June 25, 1946. She thereafter purchased additional furniture and furnishings.

On June 26, 1946, Elliott gave Mrs. Wood a check for $614, and a check payable to the sellers for $90, being the first installment due on a note representing the balance of the purchase price over and above the down payment of $1,250. The $90 check was never cashed. Elliott had not, prior to June

26, 1946, paid or contributed any money for or toward the purchase of the real property. Thereafter, Elliott made various improvements to the building on the property by way of carpenter work in remodeling, and paid Mrs. Wood $20 with which to buy some bedspreads. On September 30. 1946, Mrs. Wood returned the $614 to Elliott in United States money orders. From the time she moved into the premises Mrs. Wood operated it as a rooming house.

It is impossible to ascertain from the record whether the court below predicated its conclusion that appellant holds a half interest in the real property in trust for respondent upon the theory that a constructive trust was created or upon the theory that a resulting trust was created. The judgment cannot be sustained upon either theory.

█ Respondent says that he does not claim a resulting trust. He says the vital inquiry is whether there was evidence of the creation of a legal obligation on the part of appellant to convey the half interest to him. He does not point us to any such evidence. We have examined the transcript and found none. The oral agreement was invalid and unenforceable as to the real property. (Civ. Code, § 1624, subd. 4.) A mere violation of an unenforceable contract does not raise a constructive trust as to real property. Where a party orally promises to buy land for another and thereafter buys it for himself with his own money there is no basis for a constructive trust. (*Mazzera* v. *Wolf*, 30 Cal.2d 531, 537 [183 P.2d 649]; *Bradley* v. *Duty*, 73 Cal.App.2d 522, 526 [166 P.2d 914]; *Bauman* v. *Wuest*, 32 Cal.App. 217 [162 P. 434]; *cf.*, *Neet* v. *Holmes*, 25 Cal.2d 447, 464 [154 P.2d 854].) The agreement is unenforceable under the statute of frauds in the absence of actual or constructive fraud. █ The mere failure to perform an oral promise to convey real property is not itself fraud. (*Mazzera* v. *Wolf*, 30 Cal.2d 531, 535, 537 [183 P.2d 649].) There is neither proof of actual nor constructive fraud in the case at bar.

█ We discuss the question whether a resulting trust was created for the reason that respondent apparently attempted to allege such a trust. A resulting trust arises where title to property is vested in the trustee while the consideration or a part thereof is paid by the beneficiary. (*Bradley* v. *Duty*, 73 Cal.App.2d 522, 526 [166 P.2d 914].) In *McQuin* v. *Rice*, 88 Cal.App.2d 914 [199 P.2d 742], we stated the principles applicable to the creation of a resulting trust as follows, pages 917, 918: "To charge a resulting trust upon any specific prop-

erty it must be shown that trust funds went into the purchase of the property (*Taylor* v. *Morris,* 163 Cal. 717, 724 [127 P. 66]), and where two persons allegedly contribute money to the purchase of land, the title to which is taken in the name of one of them pursuant to an oral agreement, the resulting trust comes, not from the agreement, but from the facts shown as to the amount of purchase price advanced by each. (*Pavlovich* v. *Pavlovich,* 22 Cal.App. 500, 506 [135 P. 303].) The party claiming the benefit of the trust must show that the money was paid before or at the time of the execution of the conveyance and as part of the original transaction of purchase. (*Hellman* v. *Messmer,* 75 Cal. 166, 169-170 [16 P. 766]; *Lincoln* v. *Chamberlain,* 61 Cal.App. 399, 401 [214 P. 1013]; *Bradley* v. *Duty,* 73 Cal.App.2d 522, 526 [166 P.2d 914]; *cf., Kirk White & Co.* v. *Bieg-Hoffine Co.,* 6 Cal.App.2d 188, 191-192 [44 P.2d 439].) . . . Contributions of funds to enable a purchaser to complete installment payments on the purchase price of, or to make improvements on, real property after title has been acquired by another do not raise a resulting trust. (*Hellman* v. *Messmer,* 75 Cal. 166, 170 [16 P. 766]; *Neusted* v. *Skernswell,* 69 Cal.App.2d 361, 368 [159 P.2d 49]; *Dimity* v. *Dixon,* 74 Cal.App. 714, 722 [241 P. 905]; *Lincoln* v. *Chamberlain,* 61 Cal.App. 399, 401 [214 P. 1013]; 2 Rest., Trusts, 454, com. o, pp. 1385-1386.)''

■ There was a complete failure of proof on the part of the plaintiff to show a valid resulting trust. No funds of plaintiff went into the purchase of the real property. The fact that either before or at the time of the execution of the conveyance, or as a part of the original transaction of purchase, the parties made an oral agreement as founded by the court to purchase the property and to each receive an undivided half interest therein does not help the plaintiff. As we have said, a resulting trust comes not from the agreement but from the facts shown as to the amount of purchase price advanced by respondent. He did not advance any part of the purchase price. Hence a resulting trust did not arise.

■ The fact that respondent made improvements on the property after its purchase does not raise a resulting trust.

■ The findings with respect to the furniture and furnishings are not sufficient to support the conclusion that the furniture and furnishings acquired by appellant after June 26, 1946, are the property of both respondent and appellant, each having a half interest therein, and that appellant has possession as trustee. As we have said, the court found that

it was agreed between the parties that respondent would do certain remodeling of the premises and that in consideration therefor appellant would furnish the premises with certain household furniture and furnishings in her possession and that respondent performed the remodeling work. The only evidence upon which these findings could have been based is that of respondent wherein he testified: "Then it was discussed then that she had the furnishing and I had the knowledge of a carpenter, trained carpenter, and I would balance my—the improvement against the furniture, but after she gets her living expenses out——Q. Just so that we can get this thing straight, see if I understand you: In that conversation that took place she said she had the furnishing of the house? A. Yes. Q. You told her you had the skill of a carpenter and the knowledge of a carpenter? A. Yes. Q. And you were going to make the improvements in the place? A. Yes, that's right. Q. And do the carpenter work? A. Yes. Q. And offset that against the furniture that she was going to put in the place? A. Yes. Q. Have I correctly stated it, Mr. Elliott? A. Yes. Q. Also, she was going to live in the house? A. Yes." This discussion and the findings based thereon was insufficient to create a trust. There is nothing in the discussion or in the findings from which it may be inferred that appellant intended to pass any title, legal or equitable, as to a half interest in the furniture and furnishings, to respondent. Clearly, she did not transfer any interest. The discussion was extremely indefinite and uncertain. The most that can be said of it is that appellant was to contribute the furnishings and respondent was to contribute his services and that after she received her living expenses the parties would divide the income. In the absence of evidence showing that respondent has a right of ownership in the furniture and furnishings, an action to establish a trust in the property cannot be maintained. (25 Cal.Jur. § 16, p. 139.) If the evidence be interpreted to mean that appellant agreed to transfer an interest in the furniture and furnishings to respondent in consideration of the performance of services by him, it was merely a contract for the sale of personal property which did not transfer any enforceable right to ownership in the property and such contract does not furnish the basis for a suit to enforce a trust. (*Ibid.*)

Appeal from order denying motion for a new trial dismissed. Judgment reversed.

Shinn, P. J., and Wood, J., concurred.