[Civ. No. 19970. Second Dist., Div. Two. May 14, 1954.]

WALTER H. LEIMERT COMPANY (a Corporation), Appellant, v. FLOYD WILLIAM WOODSON et al., Respondents.

Lehman & Van Buskirk for Appellant.

Riedman & Silverberg for Respondents.

FOX, J.—Defendants' objection to the introduction of any evidence on the ground that the complaint does not state a cause of action was sustained. Plaintiff appeals from the ensuing judgment of dismissal.

The complaint alleges that prior to October, 1949, plaintiff had employed defendant Floyd William Woodson, who was a duly licensed real estate broker, to represent it in the acquisition of a parcel of property in the Norwalk area of Los Angeles County; that shortly thereafter, through the efforts of defendant,* plaintiff purchased Lots 224 and 225 of Tract

*Blanche Woodson, the spouse of Floyd William Woodson, is also a defendant and respondent. Reference to ''defendant'' and ''Woodson'' indicates Mr. Woodson.

5348; that pursuant to their agreement, plaintiff paid defendant a commission for his services; that soon after the purchase of these lots plaintiff informed Woodson that it desired to acquire the parcel of land immediately to the southwest of the property it had just purchased, viz., Lot 240 of the same tract; that plaintiff informed Woodson that the acquisition of this lot was necessary in order for plaintiff to fully develop and make use of the other lots previously purchased through his services; that plaintiff would pay defendant a commission in the same manner and under the same agreement as in the previous transaction if he would act as broker for plaintiff; that plaintiff was willing to pay approximately $4,000, or such additional sum as might be necessary, to acquire said lot, and on terms acceptable to the owner. The complaint further alleges that the defendant falsely and fraudulently represented to plaintiff that he would act as broker on its behalf in acquiring said parcel; that he knew the owner but did not believe the owner would be willing to sell; that he would contact the owner and attempt to negotiate a sale on behalf of plaintiff for the commission offered by plaintiff and on the same terms and conditions as in the previous transaction. The complaint also alleges that ''at the time defendant made said false and fraudulent representations to plaintiff, he made them without any intention of carrying out or performing same, but, in fact, made such representations and statements in order to induce plaintiff to rely thereon and in order to prevent plaintiff, itself a real estate broker, from attempting to negotiate a sale.'' Thereafter, and during a period of eight to ten months, it is alleged, plaintiff inquired of defendant whether he was succeeding in inducing the owner of Lot 240 to sell upon the terms outlined; that on each occasion defendant falsely and fraudulently represented that he was trying but had not succeeded in inducing the owner to sell the property, but that he would continue to try; that soon thereafter plaintiff ascertained that defendant had purchased said property in his own name; that said purchase had been made by defendant approximately 60 days after he falsely and fraudulently agreed to negotiate for the acquisition of the property for a commission on behalf of plaintiff. It is alleged that defendants paid approximately $4,300 for the lot. Plaintiff states it is willing to pay this amount, or the actual price defendants paid therefor. Plaintiff prays that defendants be required to convey this property to it upon payment of such

sum as they actually paid for it; or, in the event conveyance cannot be had, then for damages.

It is conceded that the arrangement with defendant was not in writing. Relying, therefore, on the statute of frauds (Civ. Code, § 1624, subd. 5) the position of defendants is that plaintiff's complaint fails to show that it is entitled to any relief. Plaintiff, however, insists its allegations disclose both constructive and actual fraud on the part of defendant and lay a sufficient foundation for a judgment, declaring that defendants are involuntary trustees of the property and that the statute of frauds is not applicable. Plaintiff's position must be sustained.

The Legislature has declared that "One who gains a thing by fraud . . . violation of a trust, or other wrongful act, is, unless he has some other and better right thereto, an involuntary trustee of the thing gained, for the benefit of the person who would otherwise have had it." (Civ. Code, § 2224.) ■ Our Supreme Court has held that "A constructive trust may be imposed when a party has acquired property to which he is not justly entitled, if it was obtained by actual fraud, mistake or the like, or by constructive fraud through the violation of some fiduciary or confidential relationship. [Citations.] ■ Such a trust, imposed upon a partner, agent, or other fiduciary, arises by operation of law, and, accordingly, the statute of frauds is no bar [Citations]." (*Mazzera* v. *Wolf*, 30 Cal.2d 531, 535 [183 P.2d 649].) ■ The relationship of principal and agent is of a fiduciary nature. In acting for his principal an agent must give undivided loyalty and exercise the utmost good faith and honesty. (*Adams* v. *Herman*, 106 Cal.App.2d 92, 98 [234 P.2d 695]; *Bell* v. *Scudder*, 78 Cal.App.2d 448, 454 [177 P.2d 796]; *Thompson* v. *Stoakes*, 46 Cal.App.2d 285, 289 [115 P.2d 830]; 2 Cal. Jur.2d § 104, p. 771.) ■ The position of an agent is similar to that of a trustee and his acts are judged with substantially the same degree of strictness as are those of a trustee. (*Kinert* v. *Wright*, 81 Cal.App.2d 919, 925 [185 P.2d 364]; *Hickson* v. *Gray*, 91 Cal.App.2d 684, 686 [205 P.2d 420].) In fact, our statutes provide that an agent may not do any act a trustee is forbidden to do. (Civ. Code, § 2322.) ■ Turning now to an analysis of the complaint, we find it is alleged that plaintiff employed defendant to represent it in negotiations with the owner and in acquiring the ownership of this lot.. This was a sufficient allegation of defendant's

agency. (*Sands* v. *Eagle Oil & Ref. Co.*, 83 Cal.App.2d 312, 321 [188 P.2d 782].) This was not, however, just the ordinary principal-agent relationship flowing from an initial employment of a real estate broker to represent a purchaser in the acquisition of a piece of property. In the first place, the parties had recently had a similar transaction. It had apparently proven satisfactory and thus served to establish confidence in defendant on the part of plaintiff. As a consequence, plaintiff again employed defendant to represent it in negotiating the purchase of an adjacent lot. In the second place, plaintiff advised defendant of its need for this particular lot in order to fully develop and make use of the other lots it had purchased through his services. If these allegations are established by the evidence an inference that a fiduciary relationship existed between the plaintiff and defendant would clearly be justified. Defendant's purchase of the property in his own name would obviously be a breach of his fiduciary duty to plaintiff. In addition, actual fraud is charged for it is alleged that at the time defendant represented he would act as broker on behalf of plaintiff he did so without any intention of carrying out his agreement and for the purpose of inducing the plaintiff to rely thereon and thus prevent plaintiff from negotiating a purchase directly with the owner. The complaint therefore contains sufficient allegations to state a cause of action upon the theory of either actual or constructive fraud. (Civ. Code, § 2224; *Sands* v. *Eagle Oil & Ref. Co.*, *supra*, p. 312; *Berenson* v. *Nirenstein* 326 Mass. 285 [93 N.E.2d 610] ; *Mackey* v. *Baker*, 327 Mich. 57 [41 N.W.2d 331] ; *Harris* v. *Dunn*, 55 N.M. 434 [234 P.2d 821] ; *Harrop* v. *Cole*, 85 N.J.Eq. 32 [95 A. 378], aff'd in 86 N.J.Eq. 250 [98 A. 1085] ; *Quinn* v. *Phipps*, 93 Fla. 805 [113 So. 419, 54 A.L.R. 1173] ; *Lamb* v. *Sandall*, 135 Neb. 300 [281 N.W. 37] ; *Oetken* v. *Shell*, 168 Kan. 244 [212 P.2d 329] ; Rest., Restitution, § 194(2).)

It is the defendant's position that since his employment was not in writing no evidence thereof may be received. If he were seeking to establish such a parol agreement for the purpose of collecting a real estate commission that position would be impregnable for the purpose of the statute was to prevent fraudulent claims in such circumstances. But here the evidence of the employment is to be offered not for the purpose of establishing an enforceable agreement, but for the purpose of showing the relation between the parties and the fiduciary duty that arose therefrom and to establish a

constructive trust based upon the violation of that fiduciary duty. (*Evanoff* v. *Hall*, 310 Mich. 487 [17 N.W.2d 724, 726]; *Mitchell* v. *Allison*, 51 N.M. 315 [183 P.2d 847, 848]; *Quinn* v. *Phipps, supra*, 423; 3 Scott on Trusts, § 499; Pomeroy, Eq.Jur. (5th ed.) § 1056b. In the comment on this point, under subsection 2 of section 194, Restatement of Restitution, it is said that "Where one person orally undertakes to purchase land on behalf of another, it may be urged that the other cannot enforce a constructive trust because the undertaking is oral and there is no compliance with the provisions of the Statute of Frauds. The answer to this objection is that the other is not enforcing an oral contract, but is enforcing a constructive trust based upon the violation of fiduciary duty . . . The rule is applicable . . . where a person is employed professionally to purchase the property for the employer, as in the case of a real estate broker, . . ." ■ Such agreements are not within the statute of frauds. (Civ. Code, § 2224; *Harris* v. *Dunn, supra*; *Harrop* v. *Cole, supra*; Williston on Contracts, rev. ed., vol. 4, § 1024; 54 Am.Jur., Trusts, § 237.) If they were, that would make the statute an instrument of fraud (*Heard* v. *Pilley*, 4 Ch.App.L.R. 548, 552), and thus protect fiduciaries in their wrongdoing. Such was never the purpose of the statute of frauds. ■ A constructive trust is created by operation of law in such circumstances in order to avoid injustice. Such a trust need not be in writing. (Civ. Code, § 852; *Stromerson* v. *Averill*, 22 Cal.2d 808, 815 [141 P.2d 732].)

Defendants rely upon *Mazzera* v. *Wolf*, 30 Cal.2d 531 [183 P.2d 649]; *Bradley* v. *Duty*, 73 Cal.App.2d 522 [166 P.2d 914]; *Neet* v. *Holmes*, 25 Cal.2d 447 [154 P.2d 854]; *Elliott* v. *Wood*, 95 Cal.App.2d 314 [212 P.2d 906]; *Sweeley* v. *Gordon*, 47 Cal.App.2d 381 [118 P.2d 14], and *Bauman* v. *Wuest*, 32 Cal.App. 217 [162 P. 434].) None of these decisions justifies the ruling in the instant case. In the Mazzera case there was "no claim of actual fraud." The trial court found on substantial evidence that "there was no partnership or confidential relation." The court simply held that "the mere failure to perform an oral agreement to convey real property is not itself fraud." Hence such an "agreement will be held unenforceable under the statute of frauds in the absence of actual or constructive fraud." However, the court pointed out, as previously noted, that a "constructive trust may be imposed when a party has acquired property to which he is

not justly entitled, if it was obtained by actual fraud . . . or by constructive fraud through the violation of some fiduciary or confidential relationship.'' It is this latter principle that specificially applies to the instant case in view of the alleged agency relationship and charge of actual fraud. In the Bradley case, *supra,* plaintiff pleaded a resulting trust, and the findings and judgment were upon that theory. There was ''no proof of a fraud'' and under the complaint such evidence was not admissible. The court follows the established principle that ''the mere violation of a contract is not a fraud.'' (P. 525.) In the Neet case, *supra,* relief was denied to the plaintiffs on the theory of laches. No such problem is here presented. In the Elliott case, *supra,* there was ''neither proof of actual nor constructive fraud.'' (P. 317.) The decision simply follows the rule of the Mazzera and other similar cases that the mere failure to perform an oral promise to convey real property is not a fraud and a constructive trust cannot be founded on such fact alone. In the Sweeley case, *supra,* plaintiff, a real estate broker, sought to recover a commission for the sale of an apartment house without having secured proper written authorization. He relied upon the oral promise of defendant. Obviously he ran squarely into Civil Code, section 1624, subdivision 5, and lost. That case has no pertinency here. The Bauman case, *supra,* was predicated on a resulting trust theory. (Civ. Code, § 853.) There were no allegations of fraud, either actual or constructive. There is no reference to Civil Code section 2224 defining an involuntary trustee or to other sections of the Civil Code relating to constructive trusts. That question does not appear to have been considered.

The judgment is reversed.

Moore, P. J., and McComb, J., concurred.