[Civ. No. 14908. Second Dist., Div. Three. Sept. 7, 1945.]

J. P. BUTLER, Respondent, v. BELL OIL & REFINING COMPANY (a Corporation), Appellant.

John W. Preston, Oliver O. Clark and Robert A. Smith for Appellant.

Henry W. Wyatt and Elmo L. Morris for Respondent.

FOX, J. pro tem.—Defendant appeals from a judgment in favor of plaintiff, who brought this action as the assignee for collection of the Bradley Truck Company. Plaintiff's assignor was at all times herein engaged in business as a licensed highway contract carrier under the Highway Carriers' Act (Stats. 1935, chap. 223, as amended by Stats. of 1937 and 1939, respectively; Deering's Gen. Laws, Act 5129a, as amended), transporting property for compensation by motor vehicle over the public highways of the state. As such highway contract carrier, plaintiff's assignor transported crude oil for defendant (and its predecessor) from certain wells to defendant's refinery. It charged and collected freight charges less than the minimum rates prescribed by the California Railroad Commission for such services. Plaintiff, therefore, seeks to recover the difference between the legally prescribed rate and the rate paid by the defendant pursuant to a purported contract with said carrier.

■ In the language of the appellant, "the sole question here presented is: Does the Highway Carriers' Act permit a suit by the carrier to collect from the shipper a higher rate of transportation than that solemnly agreed to and accepted by it at the time the service was rendered?" This question has been answered in the affirmative by the recent decision of this court in the case of *Gardner* v. *Rich Mfg. Co.* (1945), 68 Cal. App.2d 725 [158 P.2d 23]. It was there stated (p. 730): "The schedule of minimum rates . . . [established by the Railroad Commission] became a part of every contract between a highway contract carrier and the shipper. [Citing cases.] The tariff applicable, on the facts, to any particular shipment cannot be changed by an agreement between the parties . . . and the carrier or its assignee is entitled to collect the proper rate. [Citing authorities.] Otherwise, the statute would be ineffectual for the purpose for which it was enacted."

■ The only argument here advanced that was not presented in the Gardner case is that the act does not and was not intended to regulate the conduct of the shipper; that to enforce the tariff established by the Railroad Commission against the appellant is, in effect, to regulate the shipper, and that said tariff is not binding on appellant because the act does not require notice to be given to the shipper. It is true, as stated in *Entremont* v. *Whitsell* (1939), 13 Cal.2d 290, 300 [89 P.2d 392], that "The statute does not cover shippers, but carriers. . . ." The collection of undercharges, however, is simply a step toward making the authorized regulation of highway carriers more effective. It is in furtherance of the purposes of the act, among which are the establishment of just and reasonable rates and the prevention of discrimination. (*Gardner* v. *Rich Mfg. Co., supra,* p. 729.) As pointed out in *Johnson* v. *L. B. Hartz Stores* (1938), 202 Minn. 132 [277 N.W. 414, 416], "the permitting of such a recovery is a much more effective way of enforcing the law than any other could possibly be." Fines and penalties may be imposed on the carrier for violating the minimum schedule of rates fixed by the commission but, as is also pointed out in the Johnson case, "the pressure of the shippers upon the carriers for reduced rates in violation of the statute will almost entirely be relieved if the shippers know that notwithstanding any illegal bargain that is made, recovery may still be had on the basis of the minimum rate fixed by the commission. Collusion between the carrier and the shipper to circumvent the law, which

would otherwise be easy of accomplishment, will be practically eliminated.'' (P. 416 [277 N.W.].) The fact that the shipper has to pay the difference between a legally established rate (appellant does not dispute the legality of the tariff here involved), and a lesser rate for which he was able to bargain privately does not mean that the shipper is being regulated. It is merely an incident in aid of the effective enforcement of the Railroad Commission's order. ▪ Hence, notice to the shipper of the hearings before the commission for the purpose of fixing a schedule of minimum rates for highway contract carriers is not necessary. If appellant's theory were sound and carried to its logical conclusion, it would follow that acts of the Legislature would not be binding on those who did not have notice of such contemplated legislation. This, of course, is not the law.

Appellant relies on *Entremont* v. *Whitsell, supra,* 13 Cal.2d 290. We find nothing in that case which supports a conclusion different from that herein reached. It might, however, be noted that the court there upheld the order of the Railroad Commission which required the carrier to collect the amount of the undercharges.

The judgment is affirmed.

Desmond, P. J., and Wood (Parker), J., concurred.