[Civ. No. 16638.   Second Dist., Div. Two.   May 13, 1949.]

B. W. KUHN, Appellant, v. FERRY AND HENSLER, a Joint Venture, etc., et al., Respondents.

806

Charles M. Stark and Paul W. McComish for Appellant.

Herbert Cameron for Respondents.

McCOMB, J.—After trial before the court without a jury, plaintiff appeals from the portion of the judgment which denies him recovery for trucking services rendered to defendants in accordance with the minimum rates for dump truck hauling services as defined and prescribed by the Public Utilities Commission of the State of California and Highway Carriers Tariff No. 7.

### FACTS

Plaintiff's assignors, a copartnership, engaged in the dump truck hauling business and operated under permits issued by the Public Utilities Commission and the State Board of Equalization as private highway carriers. On or about August 28, 1945, they entered into a contract with defendants Ferry and Hensler by the terms of which they agreed to haul for defendants rock, concrete aggregates and granular material in dump trucks furnished by them in and about work defendants were doing for the United States government at Muroc Army Air Base, county of Kern. The present action, so far

as the question before this court is concerned, involved the recovery for hauling by plaintiff's assignors of dirt from a borrow pit located without the boundaries of the Muroc Army Air Base to the site of defendants' work within the boundaries of said base, the compensation for which was fixed by schedule 2 attached to the written agreement of the parties and which fixed a rate for the hauling less than the minimum rates for dump trucks hauling over a public state highway as provided in Highway Carriers Tariff No. 7, adopted pursuant to the provisions of the Highway Carriers Act, Statutes of 1935, chapter 223 [2 Deering's Gen. Laws, Act 5129a]. The trial court gave judgment in accordance with the schedule of rates agreed upon by the parties in their contract and not in conformity with the minimum rate fixed in the Highway Carriers Tariff No. 7.

## FINDINGS

The trial court found:

(a) "It is true that the granular haul (dirt) of material hereinabove referred to, as made by plaintiff's assignor, was made over a State highway of the State of California, which highway was under the jurisdiction of the Public Utilities Commission of the State of California and, therefore, subject to the provisions of the State Highway Carriers Act, and in particular, Highway Carriers Tariff No. 7."

(b) "It is not true that plaintiff's assignor and defendant, Ferry and Hensler, a joint venture, and R. R. Hensler and James L. Ferry, individually, were at the time of making of said contract bound by, nor were they circumscribed by, the provisions of the Public Utilities Commission of the State of California tariffs applicable to the 'Northern Territory,' and in particular, Highway Carriers Tariff No. 7, for the reason that defendants, Ferry and Hensler, a joint venture, and R. R. Hensler and James L. Ferry, individually, were not shippers; and that the material moved under said contract by plaintiff's assignor was merchandise to be used only by defendants, Ferry and Hensler, a joint venture, and R. R. Hensler and James L. Ferry, individually, and not by a shipper; and for the reason that if plaintiff's assignor, not being a common carrier, decided to perform transportation or accessorial service at a lower rate than the minimum rate established by the Public Utilities Commission of the State of California, and, in particular, Highway Carriers Tariff No. 7, as aforesaid, they might have applied to the Public

Utilities Commission of the State of California for a reduction of said minimum rate, and the said Public Utilities Commission of the State of California, upon a finding that such reduced proposed rate was reasonable, might have authorized such rates less than the minimum rates.''

QUESTION

██ *Was the contract between the parties so far as the hauling here involved subject to the state Highway Carriers Act, supra?*

This question must be answered in the negative. The preamble to the Highway Carriers Act, volume 2, Deering's California General Laws (1944), Act 5129a, page 1612 reads:

''The use of the public highways for the transportation of property for compensation is a business affected with a public interest and it is hereby declared that the purpose of this act is to preserve for the public the full benefit and use of public highways consistent with the needs of commerce without unnecessary congestion or wear and tear upon such highways; to secure to the people just and reasonable rates for transportation by carriers operating upon such highways; to secure full and unrestricted flow of traffic by motor carriers over such highways which will adequately meet reasonable public demands by providing for the regulation of rates of all transportation agencies so that adequate and dependable service by all necessary transportation agencies shall be maintained and the full use of the highways preserved to the public.''

Section 1(f) of the Highway Carriers Act, page 1612, reads:

''The term 'highway carrier' when used in this act means every corporation or person, their lessees, trustees, receivers or trustees appointed by any court whatsoever engaged in transportation of property for compensation or hire as a business over any public highway in this State by means of a motor vehicle or motor vehicles. However, it does not include the following:

''(1) Carriers operating exclusively within the limits of a single incorporated city or city and county;

''(2) Any farmer who occasionally transports from the place of production to a warehouse, regular market, place of storage, or place of shipment the farm products of neighboring farmers in exchange for like services or for a cash consideration;

"(3)  Persons or corporations hauling their own property;

"(4)  Any farmer operating a motor vehicle or vehicles used exclusively in the transportation of his live stock and agricultural commodities or in the transportation of supplies to his farm;

"(5)  Any nonprofit agricultural cooperative association organized and acting within the scope of its powers under Chapter 4, Division VI of the Agricultural Code to the extent only that it may be engaged in transporting its own property or the property of its members."

Section 12(a) of said act, page 1616, reads:

"No highway carrier, other than a highway common carrier, shall charge, demand, collect or receive for the transportation of property, or for any service in connection therewith, rates or charges less than the minimum rates and charges or greater than the maximum rates and charges applicable to such transportation established or approved by the Railroad Commission; nor shall any such carrier directly or indirectly pay any commission or refund or remit in any manner or by any device any portion of the rates, or charges so specified, except upon authority of the commission."

It is to be noted that the act is applicable only to a highway carrier who transports property for compensation over a *"public highway"* in the State of California. The trial court did not make any finding that the hauling here involved was over a *"public highway"* in the State of California. Therefore, it is necessary for us to search the record for any evidence that would have supported a finding that the hauling was done over a "public highway" in this state. The record fails to disclose such evidence but, on the contrary, the uncontradicted evidence would have supported a finding that the hauling was not over a "public highway" of this state. From evidence introduced in the trial court, it appears without contradiction that the hauling here in question was done over (1) a military access road, not open to the public and not a public highway, and (2) private graded dirt roads within the Army air base. In this state of the record, we must assume that had the trial court made a finding upon this issue, which was material, it would have found in conformity with the uncontradicted evidence that the hauling was not over a public highway but was over private roadways.

In view of the fact that the hauling was not over a public highway of the State of California, the Highway Carriers Act

and schedules adopted pursuant thereto were not applicable to the present situation and the compensation to be paid was a matter for agreement between the parties and governed by the contract into which they had entered. Hence the trial court's judgment was correct.

■ It is immaterial that the trial court reached its conclusion through an erroneous process of reasoning. A reviewing court is not interested in the trial court's reasoning or the method by which it reaches its judgment. Its only concern is whether or not from the record the trial court has arrived at a correct judgment. This rule is well stated by Mr. Chief Justice Gibson in *Sears* v. *Rule*, 27 Cal.2d 131, 140 [163 P.2d 443] : "It is, of course, immaterial that the theory upon which the judgment may be affirmed is not identical with that relied upon by plaintiffs or by the trial court, since plaintiffs are required only to plead and prove facts sufficient to justify relief, and the trial court's judgment must be affirmed if the findings, supported by the evidence, are sufficient to warrant the relief granted on any legal theory." (See, also, cases cited in 2 Cal.Jur. (1921), p. 809, Appeal and Error, n. 12.)

PLAINTIFF'S CITATIONS

*Butler* v. *Bell Oil & Ref. Co.*, 70 Cal.App.2d 728 [161 P.2d 559], *Entremont* v. *Whitsell*, 13 Cal.2d 290 [89 P.2d 392], *Gardner* v. *Rich Mfg. Co., Ltd.*, 68 Cal.App.2d 725 [158 P.2d 23], and *Johnston* v. *Hartz Stores* (1938), 202 Minn. 132 [277 N.W. 414], relied upon by plaintiff, are not applicable to the facts in the present case for the reason that in each of the cited cases it was conceded that the transportation involved was over a public highway of the state, while in the present case, as pointed out above, the transportation was not over a public highway of the state but over private roads.

Affirmed.

Wilson, J., concurred.

Moore, P. J., dissented.

A petition for a rehearing was denied May 27, 1949, and appellant's petition for a hearing by the Supreme Court was denied July 7, 1949. Edmonds, J., and Traynor, J., voted for a hearing.