[Civ. No. 17459.  Second Dist., Div. Two.  Feb. 15, 1950.]

JEAN WILSON, Appellant, v. LLOYD PETERSON, Respondent.

Frank C. Shoemaker for Appellant.

Ira A. Gwin for Respondent.

McCOMB, J.—Plaintiff appeals from an order granting defendants' motion to dismiss the complaint pursuant to the provisions of section 437c of the Code of Civil Procedure.*

---

*Section 437c, Code of Civil Procedure reads in part as follows: ''In superior courts and justices' courts of Class A and municipal courts when an answer is filed in an action to recover upon a debt or upon a liquidated demand including an action to enforce or foreclose a lien or mortgage or to recover an unliquidated debt or demand for a sum of money only arising on a contract express or implied in fact or in law or to recover possession of specific real or personal property or for specific perform-ance of a contract in writing for the sale or purchase of property, or for an accounting arising on a written contract if it is claimed that there is no defense to the action or that the action has no merit, on motion of either party, after notice of the time and place thereof in writing served on the other side at least ten days before such motion, supported by affidavit of any person or persons having knowledge of the facts, the answer may be stricken out or the complaint may be dismissed and judgment may be entered, in the discretion of the court unless the other party, by affidavit or affidavits shall show such facts as may be

*Facts:* Plaintiff filed a complaint pursuant to the provisions of section 1060 of the Code of Civil Procedure, whereby she sought to have the court declare that a deed, wherein she and defendant Peterson were named as joint tenants of a parcel of real property, was not in fact a deed of the property in joint tenancy, but was a mortgage given by her to secure a loan of $500 from defendant Peterson. After the answer had been filed defendant filed an affidavit pursuant to the provisions of section 437c, Code of Civil Procedure, and made a motion to dismiss the complaint. In the affidavit, which was not denied by plaintiff, it was alleged that said defendant had been in possession of a portion of the disputed property as a joint tenant since September 3, 1943. The present action was filed March 29, 1949. The trial court granted the motion and judgment dismissing the action was entered.

■ *Question: Was plaintiff's cause of action barred under the provisions of section 1007, Civil Code, and section 322, Code of Civil Procedure?*

This question must be answered in the affirmative. When an occupant of real property enters into possession thereof under claim of title and remains in such possession continuously for a period of five years, such occupant acquires prescriptive title to the property. (Civ. Code, § 1007; Code Civ. Proc., § 322.)

In view of the fact that the uncontradicted statement in defendant's affidavit demonstrated that he had been for more than five years in continuous possession of a portion of the property in dispute under a claim that he was an owner thereof as a joint tenant, plaintiff's cause of action, if any, was barred, and judgment was properly entered dismissing

---

deemed by the judge hearing the motion sufficient to present a triable issue of fact. A judgment so entered is an appealable judgment as in other cases.

"*Contents of affidavits.* The affidavit or affidavits in support of the motion must contain facts sufficient to entitle plaintiff or defendant to a judgment in the action, and the facts stated therein shall be within the personal knowledge of the affiant, and shall be set forth with particularity, and each affidavit shall show affirmatively that affiant, if sworn as a witness, can testify competently thereto.

"The affidavit or affidavits in opposition to said motion shall be made by the plaintiff or defendant, or by any other person having knowledge of the facts, and together shall set forth facts showing that the party has a good and substantial defense to the plaintiff's action (or to a portion thereof) or that a good cause of action exists upon the merits. The facts stated in each affidavit shall be within the personal knowledge of the affiant, shall be set forth with particularity, and each affidavit shall show affirmatively that the affiant, if sworn as a witness, can testify competently thereto . . ."

the complaint pursuant to the provisions of section 437c of the Code of Civil Procedure.

*Rowland* v. *Clark,* 91 Cal.App.2d 880 [206 P.2d 59], relied on by plaintiff, is not applicable to the facts of the present case. Such case involves a discussion of a resulting trust and does not in any way have any bearing upon the statute of limitations.

Affirmed.

Moore, P. J., and Wilson, J., concurred.