[Civ. No. 26065. Second Dist., Div. Four. Nov. 16, 1962.]

MARION FRANCES SEABURY, Plaintiff and Respondent, v. YNEZ JULIA SEABURY COSTELLO, Defendant and Appellant.

642

Fizzolio & Fizzolio and Albert Vieri for Defendant and Appellant.

Lester William Roth and James P. Del Guercio for Plaintiff and Respondent.

BURKE, P. J.—▮▮▮▮ Plaintiff filed an action to quiet title to certain real property located in the City of Los Angeles and a separate action seeking ejectment of defendant from the same property. The two actions were tried together by stipulation. Plaintiff and defendant were record owners of the property as joint tenants under a grant deed. The joint pretrial statement specifically preserved and presented to the trial court as disputed issues whether defendant was a joint tenant owner of the property in question, and whether defendant holds any interest which she may have in the property as a constructive or resulting trustee. The issues were tried before the court without a jury. This is an appeal from a judgment quieting title to the land in favor of plaintiff and giving plaintiff immediate possession of the property which was previously in possession of defendant.

Viewing the evidence most favorably in support of the judgment, the following factual situation appears:

Plaintiff and defendant in this action are sisters, and for several years prior to the purchase of the real property in question their mother was ailing and relied upon them for her support. The mother had been living in a rented house with defendant, and the payment of rent had been provided by plaintiff. In September 1950 plaintiff purchased the property involved in the present dispute for the primary purpose of providing a home for her elderly mother; and secondly, as a place where she herself could live if she desired. The whole purchase price for this property, $16,710.42, was supplied by plaintiff from money which she had borrowed from her employer. The loan is a personal obligation for which plaintiff is solely liable.

Since approximately 1948 plaintiff was employed as the full-time secretary to a concert pianist, and as his secretary she was required to travel throughout the world and thus be away from Los Angeles and, upon occasions, the continental United States, for extensive periods of time. Although the property was purchased primarily as a home for her mother, it was understood between the sisters, prior to the purchase thereof, that defendant would continue to live with the mother

and hence occupy the home with her. Since plaintiff traveled extensively and the possibility of her untimely death in remote places was real, the sisters agreed that the deed to the property would be placed in both of their names as joint tenants. It was understood at the outset that the placing of this property in joint tenancy was not intended to confer a present interest in defendant. The principal purpose was to obtain the benefit of the right of survivorship in order to avoid possible litigation and expense, as well as to facilitate any transactions affecting title, in the event that plaintiff might predecease her invalid mother.

As circumstantial support for her contention that an unqualified gift was intended when the property was put in joint tenancy, defendant introduced evidence showing that the sisters had maintained a joint bank account into which each made deposits which were used for the maintenance of the house and for the support of their mother; that they owned and purchased household furnishings jointly; that they maintained a safe deposit box in joint tenancy; and that they owned an automobile jointly.

The trial court, sitting as the trier of fact, found that the sisters had reached an oral understanding that no beneficial interest was intended to be conferred upon defendant through the placing of the property in joint tenancy. The court characterized their understanding as a contract and listed numerous details thereof as specific points which were agreed upon. In substance, these points are as follows:

1. The principal purpose of the purchase was to provide a home for their mother and for defendant so long as defendant was unmarried or unable to support herself.

2. The purpose of holding this property in joint tenancy was to avoid problems which would arise if plaintiff's death occurred before death of the mother or before defendant remarried or became able to support herself and for no other reason.

3. It was agreed that defendant could occupy the property for the life of the mother, or as long as she remained unmarried or unable to support herself, whichever was longer.

4. Plaintiff would pay taxes and the cost of maintenance and provide funds for support of defendant and their mother for the lifetime of the mother or for as long as defendant remained unmarried on the condition that defendant remained on the property for the life of the mother.

Defendant contends that the trial court's findings in reference to the oral agreement is not supported by the evidence and is beyond the scope of the pleadings. It is true that there is nothing in the record which indicates that the matter of the remarriage of defendant was discussed at the time of the acquisition of the property; or the matter of the ability of defendant to support herself; and defendant correctly contends that findings to that effect, as contingencies affecting her rights and interests under the agreement, are unsupported by the evidence. Indeed, plaintiff tacitly concedes the point.

■■ But an appellate court must make every intendment in favor of the judgment and erroneous conclusions of law or unsupported or erroneous findings of fact will be disregarded as being harmless error if judgments, as rendered, can be sustained on the supported and proper findings made by the trial court. (*Hay* v. *Allen*, 112 Cal.App.2d 676, 681 [247 P.2d 94]; *Carlson* v. *Brickman*, 110 Cal.App.2d 237, 248 [242 P.2d 94].)

■ There was evidence before the trial court to support its findings that plaintiff paid the entire purchase price of the property, and that both plaintiff and defendant agreed prior to the purchase of the property that defendant was not to receive a present beneficial interest in the property as a result of being named in the deed as joint tenant. The question before us, on the basis of these findings, involves a determination of the status of the title as between two sisters who are named in the deed as joint tenants where the purchase price is paid from the sole property of one, and it is agreed between them that the purpose of naming the noncontributing sister as joint tenant is solely to obtain the benefit of the legal incident of survivorship.

In *Rowland* v. *Clark*, 91 Cal.App.2d 880 [206 P.2d 59], it was held that a resulting trust should be established as to any joint interest which is conveyed to another in favor of one who has paid the entire purchase price of the property, where it was intended and understood between the parties that the noncontributing party should enjoy a beneficial interest as joint tenant only if predeceased by the joint tenant who contributed the purchase price. And in *Socol* v. *King*, 36 Cal.2d 342, 348 [223 P.2d 627], our Supreme Court stated, ". . . that the existence of a resulting trust will be presumed, to the extent that a gift was not intended, in favor of one who has paid the entire purchase price of property which is conveyed to the trust claimant and another as joint tenants;

. . .'' (See also *Estate of Raphael*, 115 Cal.App.2d 525, 532 [252 P.2d 979].)

This rule is but an expression of the statutory provision set forth in section 853 of the Civil Code which provides, ''When a transfer of real property is made to one person, and the consideration therefor is paid by . . . another, a trust is presumed to result in favor of the person by . . . whom such payment is made.'' ▮ A resulting trust has frequently been called an intention-enforcing trust, as opposed to the fraud-preventing function of a constructive trust. (E.g., *Bainbridge* v. *Stoner*, 16 Cal.2d 423, 428 [106 P.2d 423].) The rationale of the trust was stated in *Lezinsky* v. *Mason Malt W.D. Co.*, 185 Cal. 240, 252 [196 P. 884], where the court said, quoting 1 Perry on Trusts, section 126 : '' 'This rule [as to resulting trusts] has its foundation in the natural presumption, in the absence of all rebutting circumstances, that he who supplies the purchase money intends the purchase to be for his own benefit, and not for another, and that the conveyance in the name of another is a matter of *convenience and arrangement between the parties* for collateral purposes, and this rule is vindicated by the experience of mankind.' ''

▮ In the case before us the trial court found that plaintiff paid the entire purchase price of the property. This, in itself, raises a presumption that the parties did not intend the conveyance to vest a beneficial interest in the noncontributing joint tenant. ▮ The trial court further found that the principal purpose of purchasing the home was to provide a home for the mother, and that the sole purpose for holding the property in joint tenancy was to obtain the benefit of the right of survivorship in the event that plaintiff should predecease her mother. This finding supports the presumption in favor of the resulting trust and negates defendant's contention that an executed gift was intended by the delivery of the deed. ▮ These findings were supported by substantial, albeit conflicting, evidence; and as frequently stated, it is not the province of the reviewing court to reweigh and resolve conflicts in the evidence where the findings of the trial court are supported by some substantial evidence. (*Viner* v. *Untrecht*, 26 Cal.2d 261, 267 [158 P.2d 3].)

▮ Neither written evidence nor an express declaration of trust is required before a trust results in a proper case. A resulting trust is implied from the facts and circumstances surrounding such a case (*Bradley* v. *Duty*, 73 Cal.App.2d 522, 526 [166 P.2d 914]) and arises by operation of law.

(Civ. Code, §§ 852, 853.) In accordance with the trial court's finding of fact, we hold that defendant is a resulting trustee.

Although the trial court did not classify the trust present here, accredited evidence clearly shows a resulting trust. In contrast to the limited power of an appellate court when reviewing findings of fact, "It is, of course, immaterial that the theory upon which the judgment may be affirmed is not identical with that relied upon . . . by the trial court, since . . . the trial court's judgment must be affirmed if the findings, supported by the evidence, are sufficient to warrant the relief granted on any theory." (*Sears* v. *Rule*, 27 Cal.2d 131, 140-141 [163 P.2d 443].)

The contention that the finding is beyond the scope of the pleadings is without merit. The complaint alleged that defendant's name appeared on the deed merely as a matter of convenience and that the purchase price of the property was paid entirely by plaintiff. The joint pretrial statement specifically reserved the question of the existence of a resulting trust as a disputed issue.

The duties of a resulting trust are not active; a resulting trustee merely holds legal title for the beneficiary and, at a proper time, is bound to make a proper conveyance. (*Bainbridge* v. *Stoner, supra,* 16 Cal.2d 423, 428.) Plaintiff made demand for a conveyance from defendant which was refused. The refusal was a breach of the trust and accrued the cause of action upon which suit was brought within the prescribed period. (See *Berniker* v. *Berniker,* 30 Cal.2d 439, 448 [182 P.2d 557].)

The judgment is affirmed.

Jefferson, J., and Ford, J.,* concurred.

Appellant's petition for a hearing by the Supreme Court was denied January 9, 1963.

---

*Assigned by Chairman of Judicial Council.