Materials, Inc., et al. *v.* The DeFonce Construction Corporation

Court of Common Pleas    New Haven County    File No. 92852

Memorandum filed December 13, 1974

*Sidney L. Goldstein,* of New Haven, for the plaintiffs.

*Cretella, Carboni & Cretella,* of New Haven, for the defendant.

Donald T. Dorsey, J. This is an action for payment for services rendered by two motor common carriers in transporting bulk materials for the defendant to enable it to complete a beach erosion construction project. When the defendant engaged the services of the plaintiffs in early April, 1973, both plaintiffs were holders of certificates issued by the public utilities commission of the state of Connecticut authorizing them to transport bulk materials as authorized by the commission in accordance with the tariff on file.

There is no dispute that the defendant orally engaged the plaintiffs in April, 1973, and that the plaintiffs satisfactorily performed the services required of them during the months of April, May, and June, 1973. The sole contention made by the defendant is that it is not responsible for the increased cost in the contract reflected by the tariff change which went into effect on May 9, 1973. The

defendant agrees that early in April, 1973, the motor freight tariff in effect was based on supplement No. 21 to Connecticut Public Utilities Commission Motor Freight No. 6. The defendant asserts that this tariff measures its responsibility for the three-month contract and that it has discharged this responsibility to the plaintiffs by paying them a total of $8852.51.

The plaintiffs have proved by credible evidence that on May 9, 1973, supplement No. 22 went into effect, increasing the motor freight tariff of local commodity rates and therefore increasing the cost to the defendant from $8852.51 to $11,341.88. The defendant acknowledges that it received notice of the tariff change before the change was placed in effect but denies that it is bound by the change, although it accepted the plaintiffs' services with actual or constructive knowledge that the plaintiffs expected to be paid at the new rate. The defendant says that it is innocent of any fraud or deception and simply is not bound by contract principles to the new rate or, in the alternative, is protected by estoppel or waiver from the application of the new rate by the plaintiffs in this instance.

Even though there is nothing in the evidence to suggest a sweetheart contract, a coerced discount, or a sub rosa rebate, the court cannot extend this protection to the defendant because of certain fundamental concepts arising out of the statutory regulation of common carriers and contract carriers. The prevailing view, although this is a matter of first impression in Connecticut, is that a common carrier has a right and a duty to recover the scheduled rates regardless of contract. 13 C.J.S., Carriers, § 392. This has long been the federal view. *Louisville & N.R. Co.* v. *Maxwell,* 237 U.S. 94, 97. The general policy that rates filed with a regulatory commission

must be observed pervades the regulations of contract motor carriers and is enforced by permitting any undercharges to be recovered in order to preserve the integrity of filed rates. *Bowser & Campbell* v. *Knox Glass, Inc.,* 390 F.2d 193, 196. Courts will not permit deviations from filed rates to be validated by such doctrines as mistake, agreement, estoppel or unclean hands. Ibid. This view also prevails in the several states where statutes regulate intrastate carriers. *W. S. Dickey Clay Mfg. Co.* v. *Corder,* 310 F.2d 764, petition for cert. dismissed, 373 U.S. 906; *Butler* v. *Bell Oil & Refining Co.,* 70 Cal. App. 2d 728; *Papetti* v. *Alicandro,* 317 Mass. 382; *Hawley* v. *Little Falls Mill & Mercantile Co.,* 220 Minn. 165; *Johnston* v. *L. B. Hartz Stores, Inc.,* 202 Minn. 132.

Connecticut General Statutes § 16-287 (filing), § 16-288 (prohibiting discrimination), and § 16-306 (prohibiting rate reductions) are similar to the provisions of part II of the Interstate Commerce Act; 54 Stat. 919, as amended, 49 U.S.C. §§ 301-327 (1970) ; and hence the judicial interpretation of the interstate regulation and similar intrastate regulations is persuasive.

Accordingly, the court finds the issues for the plaintiffs on the complaint. The plaintiff Materials, Inc., may recover $1927.99 plus interest from January 23, 1974, and the plaintiff Elm City Construction Company may recover $561.38 plus interest from January 23, 1974.